UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 20  3 32 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA | : : : : | CIVIL ACTION NO.: 302CV408GIG |
| Plaintiff, | : | |
| v. | : : | |
| TIG INSURANCE COMPANY, | : : | |
| Defendant. | : | OCTOBER 14, 2003 |

### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

1. TIG Insurance Company ("TIG") admits the allegations contained in Paragraph 1.

2. TIG admits the allegations contained in Paragraph 2.

3. TIG admits the allegations contained in Paragraph 3.

4. TIG admits the allegations contained in Paragraph 4.

5. TIG admits the allegations contained in Paragraph 5.

6. TIG admits the allegations contained in Paragraph 6.

7. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. TIG admits that The Weitz Company ("Weitz") and Janazzo Heating & Air Conditioning ("Janazzo") entered into a subcontract in connection with certain heating, ventilation and air conditioning work at on the Evergreen Woods project.

9. TIG admits that it issued to Janazzo TIG Policy No. 30790261 for the policy period September 1, 1991 to September 1, 1992, and that the policy speaks for itself. TIG denies

CBA//418666.1

the remainder of the allegations contained in Paragraph 9.

10. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. TIG denies that Weitz is an additional insured on the TIG Policy No. 30790261. TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. TIG admits the allegations contained in Paragraph 15.

16. TIG admits that Shoreline Care Limited Partnership added Weitz as a defendant by means of a Third Amended Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17. TIG admits that Travelers agreed to provide Weitz a defense against the claims made in the Shoreline Care Limited Partnership action and that Travelers retained the law firm of Milano and Wanat. TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. TIG admits that the document attached to the Complaint marked as Exhibit "A" is a true copy of a letter dated September 6, 1996 from Mark P. Bailey of Morrison, Mahoney &

Miller to David S. Strutt, Esq. of Weitz and that Mark P. Bailey was then TIG's counsel. TIG states that the letter speaks for itself and denies the remaining allegations contained in Paragraph 18.

19. TIG admits that the Morrison letter contains the quoted language and denies the remaining allegations contained in Paragraph 19.

20. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. TIG admits that from October 1996 through 1999 there were several communications between Travelers and TIG. To the extent those communications were in letter form, the documents speak for themselves. TIG denies the remaining allegations contained in Paragraph 21.

22. TIG admits that from October 1996 through 1999 there were several communications between Travelers and TIG. To the extent those communications were in letter form, the documents speak for themselves. TIG denies the remaining allegations contained in Paragraph 22.

23. TIG denies the allegations contained in Paragraph 23.

24. TIG admits that between October 1996 and April 2001 it received from Travelers certain time and expense records of Milano & Wanat in connection with the defense of Weitz in the Shoreline Action. TIG denies the remaining allegations contained in Paragraph 24.

25. TIG denies the allegations contained in Paragraph 25, including that it owed Weitz a duty to defend under the TIG policy.

26. TIG states that it has no duty to defend or indemnify Weitz against the claims

made in the Shoreline Action and admits that it has refused to pay for any portion of Weitz' defense costs. TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. TIG admits that a letter dated April 6, 2001 was sent to Weitz' defense counsel, Milano & Wanat and with a copy to Travelers and that the letter speaks for itself. TIG denies the remaining allegations contained in Paragraph 27.

28. TIG admits that the Shoreline Action was transferred to the Complex Docket of the Connecticut Superior Court. TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. TIG states that it has no duty to defend or indemnify Weitz against the claims made in the Shoreline Action and admits that it continues to refuse to pay for any portion of Weitz' defense costs.

**FIRST COUNT**

31. TIG repeats the responses it made in Paragraphs 1 through 30.

32. TIG denies the allegations contained in Paragraph 32.

33. TIG denies the allegations contained in Paragraph 33.

34. TIG denies the allegations contained in Paragraph 34.

35. TIG denies the allegations contained in Paragraph 35.

**SECOND COUNT**

36. TIG repeats the responses it made in Paragraphs 1 through 35.

37. TIG denies the allegations contained in Paragraph 37.

38. TIG denies the allegations contained in Paragraph 38.

39. TIG denies the allegations contained in Paragraph 39.

**THIRD COUNT**

40. TIG repeats the responses it made in Paragraphs 1 through 39.

41. TIG denies the allegations contained in Paragraph 41.

42. TIG denies the allegations contained in Paragraph 42.

43. TIG denies the allegations contained in Paragraph 43.

44. TIG denies the allegations contained in Paragraph 44.

**FOURTH COUNT**

45. TIG repeats the responses it made in Paragraphs 1 through 44.

46. TIG denies the allegations contained in Paragraph 46.

47. TIG denies the allegations contained in Paragraph 47.

48. TIG denies the allegations contained in Paragraph 48.

**FIFTH COUNT**

49. TIG repeats the responses it made in Paragraphs 1 through 48.

50. TIG denies that it and Travelers entered into a contract regarding the payment of Weitz defense costs in the Shoreline Action. TIG is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 50.

51. TIG denies the allegations contained in Paragraph 51.

52. TIG denies the allegations contained in Paragraph 52.

53. TIG denies the allegations contained in Paragraph 53.

54.     TIG denies that it has reneged on any promise and the remaining allegations contained in Paragraph 54.

55.     TIG denies the allegations contained in Paragraph 55.

## SECOND DEFENSE

Travelers had an obligation to defend Weitz in the Shoreline Action, independent of any act or omission of TIG; nothing TIG did or did not do, altered Travelers' obligation to Weitz.

## THIRD DEFENSE

No civil action may be maintained upon any alleged oral agreement that is not to be performed within one year from the making thereof. Conn. Gen. Stat. 52-550.

## FOURTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## FIFTH DEFENSE

The alleged contract referred to in the First and Second Counts of the Complaint was based on a mutual mistake as to a basic assumption on which the alleged contract was made, and was, therefore, voidable by TIG. the alleged contract was voided on April 6, 2001.

DEFENDANT
TIG INSURANCE COMPANY

BY _____
R. Cornelius Danaher, Jr.
Federal Bar No.: ct5350
Calum B. Anderson
Federal Bar No.: ct07611
DANAHER, LAGNESE & NEAL, P.C.
Capitol Place
21 Oak Street
Hartford, CT 06106
(860) 247-3666

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid on this 14th day of October, 2002, to all counsel of record and pro se parties as follows:

Peter M. Nolin
Stephanie A. McLaughlin
Sandak, Friedman, Hennessey &
 Greco, LLP
970 Summer Street
Stamford, CT 06905

_____
Calum B. Anderson