UNITED STATES DISTRICT COURT  F I L E D
FOR THE DISTRICT OF CONNECTICUT
Mar 4  3 28 PM '04

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY | : | CIVIL ACTION NO.: 302CV408GfG |
| COMPANY OF AMERICA | : | NEW HAVEN, CONN. |
| Plaintiff, | : | |
| v. | : | |
| TIG INSURANCE COMPANY, | : | |
| Defendant. | : | MARCH 3, 2004 |

## MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37(a), the defendant, TIG Insurance Company ("TIG") respectfully moves to compel the plaintiff, Travelers Casualty & Surety Company of America ("Travelers") to answer the interrogatories TIG served on or about October 14, 2003, to produce a privilege log with respect to those documents Travelers is asserting a privilege, and to produce documents for which no privilege is asserted.

As grounds for this motion, TIG states:

1.    Travelers, in its Complaint, alleges that TIG and Travelers entered into a contract whereby each of them agreed to pay 50% of the costs of defending The Weitz Company against claims in an underlying litigation.  Travelers claims that TIG breached the alleged contract and is liable to Travelers in damages.  Travelers further alleges that TIG is estopped from withdrawing from the alleged agreement to participate in the defense of The Weitz Company.

2.    On or about October 14, 2003, TIG propounded a set of interrogatories and request for production of documents to Travelers.

3.    Travelers requested several extensions of time within which to respond to TIG's discovery, which requests TIG granted.

4.    On or about January 20, 2004, Travelers served objections, but not answers to TIG's interrogatories. (Exhibit "A")  Travelers also produced a box of documents that contain

CBA/SFM/425292.1

some, but not all, of the documents TIG has requested.  Accompanying the response was a cover letter from Travelers' counsel indicating that Travelers would soon be providing a privilege log identifying those documents that had not been produced.  (Exhibit "B")  The cover letter also indicates that other documents that had not been produced, and for which no privilege is claimed, would be forthcoming.  Id.  The cover letter also states that answers to the interrogatories would be provided "within the next week or two".  Id.

     5.     To this day, Travelers has never answered the interrogatories, provided a privilege log, or produced the remaining documents for which no privilege is claimed.

     6.     Pursuant to Fed. R. Civ. P. 37 and Local Rule 37, counsel making this motion represents that he has filed an affidavit stating that he has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

     WHEREFORE, TIG moves to compel disclosure and for appropriate sanctions.

DEFENDANT
TIG INSURANCE COMPANY


BY _____
R. Cornelius Danaher, Jr.
Federal Bar No.: ct5350
Calum B. Anderson
Federal Bar No.: ct07611
DANAHER, LAGNESE & NEAL, P.C.
Capitol Place
21 Oak Street
Hartford, CT 06106
(860) 247-3666

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid on this **3** day of

March, 2004, to all counsel of record and pro se parties as follows:

Peter M. Nolin
Stephanie A. McLaughlin
Sandak, Friedman, Hennessey &
 Greco, LLP
970 Summer Street
Stamford, CT 06905

_____
Calum B. Anderson

CBA/SFM/425292.1

- 3 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVELERS CASUALTY & | : | CIVIL ACTION NO.: 302CV408GIG |
| SURETY COMPANY OF | : | |
| AMERICA | : | |
| | : | |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| TIG INSURANCE COMPANY, | : | |
| | : | |
|     Defendant. | : | JANUARY 20, 2004 |

### TIG INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA

Plaintiff, Travelers Casualty & Surety Company of America ("Travelers"), hereby responds with objections and requested documents to Defendant, TIG Insurance Company ("TIG") interrogatories and requests for production served on or about October 14, 2003 as follows:

### GENERAL OBJECTIONS

Travelers hereby specifically incorporates by reference, as if set forth fully therein, each of the following General Objections in the response to each of the Interrogatories and Requests for Production:

1.      Travelers objects to the Interrogatories and Production Requests to the extent they seek information which is protected from discovery under the attorney-client privilege, the work-product doctrine and any other applicable privilege under the laws of Connecticut.

2.      Travelers objects to the extent the Interrogatories and Production Requests seek

-1-

information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence and to the extent any of the Interrogatory and Production Requests are vague and unclear;

3.      Travelers objects to the extent the Interrogatories and Production Requests seek confidential proprietary information related to Travelers' business operations and/or seeks information which may be protected by copyright and trade-secret laws of the United States and such information will only be produced upon the entry of a suitable protective order;

4.      Travelers objects to the extent the Interrogatories and Production Requests seek confidential proprietary information related to other businesses and entities which are not parties to these proceedings and have not been subpoenaed to provide information in these actions;

5.      Travelers objects to the extent the Interrogatories and Production Requests are over broad or that responding to them would subject Travelers to undue burden and expense;

6.      Travelers objects to the extent the Interrogatories and Production Requests purport to obligate Defendant to produce materials in the custody or control of third-parties;

7.      Travelers objects to the extent the definitions or instructions purport to impose burdens upon Travelers beyond the customary requirements for discovery under the Federal Rules and the Local Rules for this District.

## DEFINITIONS

1.      "Document" shall mean all written, typewritten, printed, photocopied, drawn, graphic, pictorial, photographic, tape-recorded, videotape-recorded, filmed, microfilmed,

-2-

electronic and computerized materials of every description.  It includes, by way of illustration and not by way of limitation, the following:

    (a)    blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models, including preliminary drafts of any of the foregoing;

    (b)    books, logs, diaries, journals, ledgers, notebooks and reports, including preliminary drafts of any of the foregoing;

    (c)    notes, minutes of meetings, memoranda, letters, correspondence, telegrams and notations and records of telephone calls and conversations, including preliminary drafts of any of the foregoing;

    (d)    photographs, films, microfilms, tapes, videotapes and recordings, including out takes of any of the foregoing;

    (e)    computer lists, printouts, programs, e-mail and data;

    (f)    mathematical and scientific formulas, computations and data;

    (g)    purchase orders, invoices, confirmations, contracts, agreements, equipment leases, sales slips, receipts, bills and cancelled checks;

    (h)    checklists, quality control records, line setting tickets and inspection tags, reports and records; and

    (i)    instructions, directions, warnings, packing slips, product descriptions, package inserts, labels, signs, tags, owners' manuals, operators' manuals, repair, shop maintenance and installation manuals, parts lists, catalogues, brochures and circulars, including preliminary drafts and amended or modified versions of any of the foregoing.

2.    "Identify" shall mean:

    (a)    with respect to persons, the full name, residential address, business address, date of birth, occupation, employer and job title of the person;

    (b)    with respect to documents, the date of preparation, the identity of the person(s) who prepared the document or caused it to be prepared, the identity of the person(s) to whom the document was directed or communicated, and a description of the document that distinguishes it

-3-

from all other documents; and

 (c) with respect to companies, the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation. If the company is a partnership, identify the partners. If it is neither a corporation nor a partnership, identify the principal(s) of the company.

 (d) with respect to acts or omissions (collectively "acts") alleged to constitute negligence, the date such act occurred; the location of where such act occurred; the persons who participated in such act; a full, complete and detailed description of the act; the standard of care alleged to apply to said act; a full, complete detailed description of how the act departed from such standard of care; and a full, complete detailed description of how the act caused the plaintiff's injury.

 3. "Travelers" shall mean Travelers Casualty & Surety Company of America, including its officers, directors, employees and agents.

 4. "Aetna" shall mean Aetna Casualty & Surety Company of America, including its officers, directors, employees and agents.

 5. "Weitz" shall mean The Weitz Company, including its officers, directors, employees and agents.

 6. "Shoreline Action" shall mean the action <u>Shoreline Care Limited Partnership v. Jansen & Rogan, et al.</u> bearing Docket No. CV-94-0155982 S.

## INTERROGATORIES

**GENERAL OBJECTIONS:** SSAI hereby specifically incorporates by reference, as if set forth fully therein, each of the above stated General Objections in the response to each separate paragraph of the Interrogatories.

-4-

1.    Please identify the signatory to these answers to interrogatories.

2.    Please identify each person who gathered or furnished information for, or assisted in the preparation of, the answers to these interrogatories and for each such person:

      (a)    describe his or her role;

      (b)    state the interrogatory answer in whose preparation he or she was involved.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information.

3.    Please identify each person likely to have discoverable information that Travelers may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information.

4.    Please describe fully and in complete detail the circumstances whereby Aetna and/or Travelers retained the law firm of Milano & Wanat to represent the interests of Weitz in the Shoreline Action, including without limitation:

      (a)    the identity of the person who, on behalf of Aetna and/or Travelers, retained Milano & Wanat;

      (b)    the terms and conditions of the retention agreement including without limitation, billing rates, billing guidelines, reporting requirements, preparation of budgets, etc.

-5-

      (c)     the identity of the person who, on behalf of Milano & Wanat, agreed to the retention;

      (d)     the identity of all documents which evidence, refer or relate to the retention agreement, including without limitation, billing rates, billing guidelines, reporting requirements, preparation of budgets, etc.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the interrogatory seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

     5.    Please identify each person who was an Aetna or Travelers claims handler for the Shoreline Action including the dates during which such person had that responsibility.

     6.    Please identify each person who was an Aetna or Travelers claims manager for the Shoreline Action including in your answer the dates during which such person had that responsibility.

     7.    Please describe fully and in complete detail each audit/review of the Milano & Wanat invoices. With respect to each such audit review, please include in your answer:

      (a)     the identity of the invoices reviewed;

      (b)     the identity of each auditor/reviewer;

      (c)     the identity of the documents generated during such audit/review;

      (d)     the date(s) such review was performed;

      (e)     the date the review was forwarded to TIG and the identity of the person who did so.

-6-

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the interrogatory seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

8.    Please describe fully and in complete detail each occasion in which Aetna and/or Travelers sought reimbursement or contribution from Weitz for the costs of the defense of Weitz in the Shoreline Action.  With respect to each such occasion please include in your answer:

    (a)    the date;

    (b)    the identity of the person who, on behalf of Aetna and/or Travelers, sought reimbursement or contribution;

    (c)    the identity of the person who, on behalf of Weitz, received such request/demand for reimbursement or contribution;

    (d)    the identity of each document that evidences, refers to or relates to such occasion;

    (e)    if the occasion involved verbal communication, please identify each person participating, and a recitation (verbatim, if possible) of who said what to whom.

9.    Please describe fully and in complete detail the alleged "oral agreement" referred to in paragraph 32 of the Complaint including, without limitation:

    (a)    the identities of the persons who, on behalf of TIG and Aetna and/or Travelers, made such "oral agreement";

-7-

(b)    the identities of all persons who were witnesses, if any, to the oral agreement;

(c)    the date(s) such oral agreement was made;

(d)    a full, accurate and complete statement of all the terms and conditions of the oral agreement;

(e)    the identity of all documents that memorialize such alleged oral agreement.

**OBJECTION:** Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the interrogatory seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**GENERAL OBJECTIONS:**    SSAI hereby specifically incorporates by reference, as if set forth fully therein, each of the above stated General Objections in the response to each separate paragraph of the Request For Production.

1.    All documents which Travelers relies on in making the allegation contained in paragraph 23 of the Complaint that "[f]rom October 1996 through 1999, TIG repeatedly stated in correspondence to Travelers, Weitz, and Weitz defense counsel, that Weitz was an additional insured on the TIG policy".

2.    All documents evidencing, concerning or relating to the damages Travelers

-8-

claims to have incurred.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

     3.    All documents evidencing, concerning or relating to the allegation contained in paragraph 32 of an "oral agreement" made between Aetna/Travelers and TIG.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the Request seeks overly broad information or will unduly burden plaintiff in trying to answer.

     4.    All documents evidencing, concerning or relating to the allegations contained in paragraph 24 of the Complaint that "[f]rom October 1996 to April 2001, Travelers, in response to TIG's requests, sent TIG detailed time records evidencing the hours worked and services provided by Milano and Wanat in defense of Weitz and records of other defense costs."

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

     5.    All documents evidencing, relating or referring to Aetna/Travelers retention

-9-

of Milano & Wanat to represent the interests of Weitz in the Action, including without limitation, billing guidelines.

      6.      All invoices of Milano & Wanat for services rendered and expenses incurred in defending Weitz in the Action.

      7.      All letters, memoranda and other documents exchanged by and between TIG and Aetna/Travelers concerning audits or reviews of Milano & Wanat invoices.

**OBJECTION:** Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

      8.      All audits and other documents evidencing reviews of the Milano & Wanat invoices.

**OBJECTION:** Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

      9.      All checks evidencing Aetna/Travelers' payment of Milano & Wanat invoices.

      10.      All documents evidencing job descriptions for the Aetna/Travelers claims handler(s) responsible for the Action.

**OBJECTION:** Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and

-10-

further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

11.    All documents evidencing job descriptions for the Aetna/Travelers claims manager(s) responsible for the Action.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

12.    All letters, memoranda, and other documents evidencing communications by and between Aetna/Travelers and Weitz concerning Travelers' claims for reimbursement or contribution from Weitz for the cost of defending Weitz in the Shoreline Action.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

13.    Aetna's entire claim file for the Shoreline Action matter.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

14.    Travelers' entire claim file for the Shoreline Action matter.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to

-11-

the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

15.    All letters, demands, pleadings and other documents exchanged by and between Aetna/Travelers and any insurer (other than TIG), including, without limitation, Employers Insurance of Wausau, concerning obligations to defend Weitz against claims made in the Shoreline Action.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

> THE PLAINTIFF,
> TRAVELERS CASUALTY & SURETY
> COMPANY OF AMERICA,
>
> Peter M. Nolin (ct06223)
> Stephanie A. McLaughlin (ct22774)
> **Sandak, Friedman, Hennessey &**
> **Greco, LLP**
> 970 Summer Street
> Stamford, CT 06905
> (203) 425-4200
> (203) 325-8608 facsimile

-12-

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, by Federal Express, on this

20th day of January, 2004, to:


Calum B. Anderson
DANAHER, LAGNESE & NEAL, P.C.
Capitol Place
21 Oak Street
Hartford, CT 06106
(860) 247-3666

Peter Nolin

-13-

# SANDAK HENNESSEY & GRECO LLP
COUNSELORS AT LAW

970 Summer Street
Stamford, Connecticut 06905-5568

Telephone
(203) 425-4200

Facsimile
(203) 325-8608

Kevin M. Greco
William J. Hennessey, Jr.
Gary S. Klein
Peter M. Nolin
Jay H. Sandak
Mary E. Sommer
Michael P. Sweeney

Stephanie A. McLaughlin*
*Also Admitted in New York

January 20, 2004

***Via Federal Express***

Calum Anderson, Esq.
Danaher Lagnese & Neal, P.C.
21 Oak Street, #700
Hartford, CT 06106-8002

   Re: Travelers Casualty v TIG
     DN 3:02CV408(GLG)

Dear Cal:

 My apologies for the continued delay on this matter; I only received the documents pertaining to the claim file from Iowa last week. Apparently they had all been sent there in anticipation of the documents being produced to TIG in the discovery requests pending there and there was some confusion on their return. I have produced what I understand to be the entire claim file with the exception of those documents over which we are specifically asserting a privilege and a few documents that pertain to other claims or matters, not related to the issues or parties in this case that appear to have been inadvertently incorporated into the file. I will provide you with a log in the appropriate form of all of these documents. Note in terms of privilege that we have not asserted a privilege as to the communications by defense counsel in the underlying action with Travelers. Accordingly, all communications of Milano & Wanat, Howd & Ludorf, and Gerry Dwyer have been included in the documents produced.

 After reviewing the documents last week, I noted that certain items are still not included, such as complete copies of any audit documents and the complete billing records from Milano & Wanat. Parts of these documents were included in the claims file, but it does not appear that these items were separately pulled from other departments at Travelers. I have asked my contacts at Travelers to pursue these documents and should have them to you shortly.

Page 2

      As to the responses themselves, we are serving our Objection today and expect to provide you with the formal responses within the next week or two once we have obtained the additional documents and are in a position to provide you with the full and complete answers. Should you have questions or concerns, please contact me.

Very truly yours,

Peter M. Nolin

PMN:pf
enclosures