UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION  NO. |
| v. | : | 302CV408(GLG) |
| | : | |
| TIG INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | March 24, 2004 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

Plaintiff, Travelers Casualty & Surety Company of America ("Travelers"), hereby objects to the Motion to Compel, dated March 3, 2004, of TIG Insurance Company ("TIG") on the ground that the Motion to Compel is now moot and on the further ground that said motion was never necessary to obtain compliance from Travelers with the interrogatories and document requests served by TIG.

Because of pending related litigation in Iowa, Travelers had difficulty in obtaining complete copies of its files in a timely manner.  Unbeknown to the undersigned counsel or his current contacts at Travelers, the pertinent claim files sought by TIG in its October 14, 2003 discovery requests, had been shipped to Iowa in connection with litigation commenced there by the Weitz Company LLC, the underlying insured of both Travelers and TIG.  Because the claim representative at Travelers had changed, the undersigned counsel was not initially advised that these claims files from the underlying litigation were in Iowa.  Once it was determined that the

claims files had been shipped to Iowa, the undersigned counsel made arrangements for the claim files to be copied and shipped back to Connecticut and these documents were received in mid January 2004.

After obtaining these claims files, the undersigned counsel had them copied, Bates stamped, and then reviewed them for privilege. In reviewing those documents, however, Travelers learned that the claim files did not contain the billing records and audit files that TIG had requested, pertaining to the work of defense counsel for the insured, Weitz, in the underlying litigation. Thus, on January 20, 2004, Travelers produced more than 3500 pages of documents, but was not in a position to complete production or serve its interrogatory answers. Travelers did timely serve its objections to TIG's discovery, with the non-privileged portions Travelers' claim files.

Over the next several weeks, the undersigned counsel worked with Travelers to locate the audit files and obtained them. In late February, after reviewing the audit files, the undersigned counsel learned that they did not contain complete copies of the detailed billing or payment records of defense counsel at issue, Milano & Wanat. Apparently because the billing files were reviewed by Travelers' audit department on computer discs, only partial copies of billing records were printed as part of the audit review and test process. Thus, the audit file while containing much billing information, only contained fragments and portions of defense counsel's billing records. Thereafter, Travelers located and obtain copies of the complete billing files, which were

2

separately maintained in another Travelers department. All these billing and payment records were finally obtained by the undersigned counsel by early March 2004, at which time they were copied, Bates stamped, and reviewed for privilege. On March 19, 2004, Travelers served its formal responses to TIG's interrogatories and request for production along with a supplemental production of over 3,000 documents reflecting the audit and billing files which had been located, after January 2004.

## ARGUMENT

The Motion to Compel should be denied as moot, inasmuch as Travelers has provided its formal responses to the interrogatories and request for production on March 19, 2004. *See* Exhibit A to the attached Affidavit In Opposition to Motion To Compel. Moreover, the Motion to Compel was never necessary to insure this production. On March 3rd, TIG's counsel was informed that the audit files had been obtained and were in the process of being copied, Bates stamped and reviewed to remove privileged disclosures. At that time, TIG's counsel was also informed that additional files had recently been located and were to be produced to the undersigned counsel the following week, at which time Travelers would be in a position to complete its interrogatory responses and produce the balance of the documents requested by TIG.

Thus, at the time of making its Motion to Compel, TIG and its counsel, were aware that although Travelers had experienced difficulty in locating significant parts of its files, the

relevant files had been located and were in the process of being copied, Bates stamped, reviewed, and produced in accordance with normal procedures. Not withstanding the assurances of the undersigned counsel, TIG proceeded with its motion to compel even though it clear that the Motion to Compel was unnecessary as the documents had been located and were being produced.

Accordingly, at this time no order of this Court is necessary to insure Travelers' response to TIG's discovery. Each of the interrogatories has been answered and/or timely objections have been interposed. Each of the requests for production has been responded to and/or timely objections have been interposed. Travelers has, to date, produced more than 6,500 pages of documents and has also served a 49 page Privilege Log for those documents which have been withheld from the pertinent files on grounds of privilege or non-responsiveness. A copy of that log is attached as Exhibit B to the attached Affidavit.

## CONCLUSION

Wherefore, Travelers respectfully request that the Motion to Compel be denied as both moot and unnecessary.

>
> **THE PLAINTIFF,**
> **TRAVELERS CASUALTY &**
> **SURETY COMPANY OF AMERICA**
>
>
> By  /s/ Peter M. Nolin
>   Peter M. Nolin (ct 06223)
>   Sandak Hennessey & Greco LLP
>   970 Summer Street
>   Stamford, CT  06905
>   (203) 425-4200
>   (203) 325-8608 (fax)
>   pnolin@shglaw.com

## **CERTIFICATION**

I certify that a copy of the foregoing was sent via federal express on this 24th day of March 2004 to:

Calum B. Anderson (ct07611)
Danaher, Lagnese & Neal, P.C.
Capitol Place
21 Oak Street
Hartford, CT 06106

                                                                  /s/ Peter M. Nolin
                                                                  Peter M. Nolin (ct06223)