**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TRAVELERS CASUALTY & | : | **CIVIL ACTION NO.:** |
| SURETY COMPANY OF | : | **302CV408(GLG)** |
| AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| TIG INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | **MARCH 19, 2004** |

**PLAINTIFF'S RESPONSES TO**
**TIG INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA**

Plaintiff, Travelers Casualty & Surety Company of America ("Travelers"), hereby responds, subject to its prior objections to Defendant, TIG Insurance Company ("TIG") interrogatories and requests for production served on or about October 14, 2003 as follows:

**GENERAL OBJECTIONS**

Travelers hereby specifically incorporates by reference, as if set forth fully therein, each of the following General Objections in the response to each of the Interrogatories and Requests for Production:

1.      Travelers objects to the Interrogatories and Production Requests to the extent they seek information which is protected from discovery under the attorney-client privilege, the work-product doctrine and any other applicable privilege under the laws of Connecticut.

2.      Travelers objects  to the extent the Interrogatories and Production Requests seek

1

information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence and to the extent any of the Interrogatory and Production Requests are vague and unclear;

3.      Travelers objects to the extent the Interrogatories and Production Requests seek confidential proprietary information related to Travelers' business operations and/or seeks information which may be protected by copyright and trade-secret laws of the United States and such information will only be produced upon the entry of a suitable protective order;

4.      Travelers objects to the extent the Interrogatories and Production Requests seek confidential proprietary information related to other businesses and entities which are not parties to these proceedings and have not been subpoenaed to provide information in these actions;

5.      Travelers objects to the extent the Interrogatories and Production Requests are over broad or that responding to them would subject Travelers to undue burden and expense;

6.      Travelers objects to the extent the Interrogatories and Production Requests purport to obligate Defendant to produce materials in the custody or control of third-parties;

7.      Travelers objects to the extent the definitions or instructions purport to impose burdens upon Travelers beyond the customary requirements for discovery under the Federal Rules and the Local Rules for this District.

## DEFINITIONS

1.      "Document" shall mean all written, typewritten, printed, photocopied, drawn, graphic, pictorial, photographic, tape-recorded, videotape-recorded, filmed, microfilmed,

electronic and computerized materials of every description.  It includes, by way of

illustration and not by way of limitation, the following:

(a)     blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models, including preliminary drafts of any of the foregoing;

(b)     books, logs, diaries, journals, ledgers, notebooks and reports, including preliminary drafts of any of the foregoing;

(c)     notes, minutes of meetings, memoranda, letters, correspondence, telegrams and notations and records of telephone calls and conversations, including preliminary drafts of any of the foregoing;

(d)     photographs, films, microfilms, tapes, videotapes and recordings, including out takes of any of the foregoing;

(e)     computer lists, printouts, programs, e-mail and data;

(f)     mathematical and scientific formulas, computations and data;

(g)     purchase orders, invoices, confirmations, contracts, agreements, equipment leases, sales slips, receipts, bills and cancelled checks;

(h)     checklists, quality control records, line setting tickets and inspection tags, reports and records; and

(i)     instructions, directions, warnings, packing slips, product descriptions, package inserts, labels, signs, tags, owners' manuals, operators' manuals, repair, shop maintenance and installation manuals, parts lists, catalogues, brochures and circulars, including preliminary drafts and amended or modified versions of any of the foregoing.

2.     "Identify" shall mean:

(a)     with respect to persons, the full name, residential address, business address, date of birth, occupation, employer and job title of the person;

(b)     with respect to documents, the date of preparation, the identity of the person(s) who prepared the document or caused it to be prepared, the identity of the person(s) to whom the document was directed or communicated, and a description of the document that distinguishes it from all other documents; and

3

 (c) with respect to companies, the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation. If the company is a partnership, identify the partners. If it is neither a corporation nor a partnership, identify the principal(s) of the company.

 (d) with respect to acts or omissions (collectively "acts") alleged to constitute negligence, the date such act occurred; the location of where such act occurred; the persons who participated in such act; a full, complete and detailed description of the act; the standard of care alleged to apply to said act; a full, complete detailed description of how the act departed from such standard of care; and a full, complete detailed description of how the act caused the plaintiff's injury.

3. "Travelers" shall mean Travelers Casualty & Surety Company of America, including its officers, directors, employees and agents.

4. "Aetna" shall mean Aetna Casualty & Surety Company of America, including its officers, directors, employees and agents.

5. "Weitz" shall mean The Weitz Company, including its officers, directors, employees and agents.

6. "Shoreline Action" shall mean the action <u>Shoreline Care Limited Partnership v. Jansen & Rogan, et al.</u> bearing Docket No. CV-94-0155982 S.


**<u>INTERROGATORIES</u>**


**GENERAL OBJECTIONS**: SSAI hereby specifically incorporates by reference, as if set forth fully therein, each of the above stated General Objections in the response to each separate paragraph of the Interrogatories.

1.    Please identify the signatory to these answers to interrogatories.

**RESPONSE:  Kevin F. Morin**
**Director Construction Claims Services**
**Travelers Property Casualty**
**P.O. Box 2924**
**300 Windsor Street**
**Hartford, CT 06107**

2.    Please identify each person who gathered or furnished information for, or

assisted in the preparation of, the answers to these interrogatories and for each such person:

(a)    describe his or her role;

(b)    state the interrogatory answer in whose preparation he or she was

involved.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to

the extent this requests seeks attorney client and work product privileged information.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states**
**that information was assembled from the claims files in the possession of Kevin F.**
**Morin and that audit information was provided Keith Armour, Esq. Legal Audit Unit**
**One Tower Square, Hartford, CT., with the assistance of in-house and outside**
**litigation counsel.   Additional information was provided by Gerald D Zwick, Claim**
**Account Executive, Travelers Property Casualty Company, One Tower Square, 4S1,**
**Hartford CT.**

3.    Please identify each person likely to have discoverable information that

Travelers may use to support its claims or defenses, unless solely for impeachment,

identifying the subjects of the information.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to

the extent this requests seeks attorney client and work product privileged information.

5

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states that persons who are likely to have knowledge of the circumstances under which Travelers agreed to defend with TIG are: Gerald Zwick, Mary Ann Moody, Michael Sullivan;  Kevin Morin and Keith Armour may have information about the amount of fees paid by Travelers, the services rendered for those fees, and the files currently maintained by Travelers.  Travelers may call one or more attorneys at Milano and Wanat who worked on the files and may have information relating to the work they provided, the auditing of their fees and communications they may have had with representatives of TIG.  Travelers may also seek to call David Strut or other representatives of Weitz who had direct communications with TIG; Travelers may also call Lee Yeager,  Janice Orlowski, Marc Bailey, Douglas Brendan, Ingrid Marsh,  or other TIG representatives regarding the agreement they made to pay half of the fees Travelers incurred in the defense of Weitz.  Further persons who may be called and may have knowledge of the issues raised in this action may be identified from the documents which have been produced by Travelers or the documents and records in the possession of TIG or in the possession of third parties including but not limited to Milano & Wanat, and/or Weitz.**

4.    Please describe fully and in complete detail the circumstances whereby Aetna and/or Travelers retained the law firm of Milano & Wanat to represent the interests of Weitz in the Shoreline Action, including without limitation:

(a)    the identity of the person who, on behalf of Aetna and/or Travelers, retained Milano & Wanat;

(b)    the terms and conditions of the retention agreement including without

limitation, billing rates, billing guidelines, reporting requirements,

preparation of budgets, etc.

(c)    the identity of the person who, on behalf of Milano & Wanat, agreed

to the retention;

(d)    the identity of all documents which evidence, refer or relate to the

retention agreement, including without limitation, billing rates, billing

guidelines, reporting requirements, preparation of budgets, etc.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to

the extent this requests seeks attorney client and work product privileged information and

further objects to the extent the interrogatory seeks overly broad or irrelevant information or

will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states**

**that Milano & Wanat were approved counsel for Aetna and thereafter became panel**

**counsel for Travelers and defend Travelers insureds on a wide range of matters. They**

**were selected to defend this matter by Gerald Zwick with the approval, after initial**

**concerns, of Weitz.  TIG's then coverage counsel  Marc Bailey initially questioned why**

**TIG had not been involved in the selection of Milano and Wanat, and Gerald Zwick**

**responded for Travelers that it was necessary to have counsel appear promptly to**

**defend Weitz's interests in the litigation.   When TIG agreed to split fees 50/50 with**

**Travelers, TIG's representatives Attorney Bailey and  Lee Yeager were already aware**

**of the selection of Milano and Wanat and did not object to their selection.  Information**

7

**pertaining to the retention of and to the billing and reporting by Milano and Wanat are contained in the documents produced by Travelers, including in particular Trav 4151-4160, 4364-4387, 5258-5270, and 9017-9164.**

5.      Please identify each person who was an Aetna or Travelers claims handler for the Shoreline Action including the dates during which such person had that responsibility.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states: the following Travelers claims personnel had responsibility for this matter as follows:**

**Gerald Zwick, August 1996 to September 1999**

**Mary Ann Moody, September 1999 to July 2000**

**Michael Sullivan, July 2000 to April 2003**

**Kevin Morin, April 2003 to date.**

**In addition, the related file for Janazzo's claim was handled by Ed Reomke and Carol Griz of the Travelers claim department. Further details on the claims handling of each file are disclosed in the claims files which have been produced.**

6.      Please identify each person who was an Aetna or Travelers claims manager for the Shoreline Action including in your answer the dates during which such person had that responsibility.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states see response to interrogatory 5.**

7.      Please describe fully and in complete detail each audit/review of the Milano & Wanat invoices. With respect to each such audit review, please include in your answer:

       (a)    the identity of the invoices reviewed;

       (b)    the identity of each auditor/reviewer;

       (c)    the identity of the documents generated during such audit/review;

       (d)    the date(s) such review was performed;

       (e)    the date the review was forwarded to TIG and the identity of the person who did so.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the interrogatory seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states see produced audit files Bates Nos. Trav 4000 to 5431.**

8.    Please describe fully and in complete detail each occasion in which Aetna and/or Travelers sought reimbursement or contribution from Weitz for the costs of the defense of Weitz in the Shoreline Action.  With respect to each such occasion please include in your answer:

       (a)    the date;

       (b)    the identity of the person who, on behalf of Aetna and/or Travelers, sought reimbursement or contribution;

       (c)    the identity of the person who, on behalf of Weitz, received such request/demand for reimbursement or contribution;

       (d)    the identity of each document that evidences, refers to or relates to

9

such occasion;

(e)    if the occasion involved verbal communication, please identify each

person participating, and a recitation (verbatim, if possible) of who

said what to whom.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states**

**that Travelers has always maintained that it reserved the right to attempt to recover**

**defense fees and costs from Weitz if it established that the claims at issue were not**

**covered, but Travelers has never actually asserted such a claim because it believes in**

**the first instance 50% of the fees should be paid by TIG under its agreement with**

**Travelers.  Travelers had advised Weitz in 2002 that Travelers would not seek fees**

**from Weitz to the extent Travelers recovered from TIG.  Even that contingent claim**

**was abandoned as part of the Travelers settlement with Weitz in the pending Iowa**

**action. Documents reflecting these positions are contained in Travelers claims files**

**which have been produced. See Trav. 0001-3763, and 9017-9164**

9.    Please describe fully and in complete detail the alleged "oral agreement"

referred to in paragraph 32 of the Complaint including, without limitation:

(a)    the identities of the persons who, on behalf of TIG and Aetna and/or

Travelers, made such "oral agreement";

(b)    the identities of all persons who were witnesses, if any, to the oral

agreement;

(c)    the date(s) such oral agreement was made;

(d)    a full, accurate and complete statement of all the terms and conditions

10

of the oral agreement;

(e)     the identity of all documents that memorialize such alleged oral

agreement.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to

the extent this requests seeks attorney client and work product privileged information and

further objects to the extent the interrogatory seeks overly broad or irrelevant information or

will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states**

**that the issue of splitting fees was raised in October 1996 in a conversation between**

**Gerald Zwick of Travelers and Attorney Bailey of Morrison Mahoney & Miller.**

**Attorney Bailey agreed to raise the issue of fee splitting with his client representative at**

**TIG.  The agreement was reached in an oral conversation between Zwick and Yeager**

**in October 1996, in which Lee Yeager for TIG agreed to pay 50% of the defense costs**

**incurred by Travelers in the defense of Weitz.  See documents produced which refer to**

**or evidence said agreement, including but not limited to Trav 0031-35, 0082-0083,**

**0087,  0106-0107, 0124-0129, 0137, 0165, 0191-0192, 1397-1400, 1403, 1499, 1904, 1908-**

**1909, 1913, 1921, and 9017-9164.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**GENERAL OBJECTIONS**: Travelers hereby specifically incorporates by reference, as if set forth fully therein, each of the above stated General Objections in the response to each separate paragraph of the Request For Production.

1.      All documents which Travelers relies on in making the allegation contained in paragraph 23 of the Complaint that "[f]rom October 1996 through 1999, TIG repeatedly stated in correspondence to Travelers, Weitz, and Weitz defense counsel, that Weitz was an additional insured on the TIG policy".

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763 including in particular 0031-0035, 0124-0129, 0191-0192, 1397-1400, 1908-1909, 2960-2967, and 9017-9164.  In addition Travelers reserves the right to rely upon documents produced or to be produced by TIG.**

2.      All documents evidencing, concerning or relating to the damages Travelers claims to have incurred.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states**

12

**see Nos. Trav 0001-3763, Trav 4000-5431, and Trav 9003-11274, and in particular Trav 9069-9090.  Travelers is still trying to locate copies of checks paid to Milano and Wanat in their defense of Weitz.  In addition Travelers reserves the right to rely upon documents produced or to be produced by TIG or third parties.**

      3.      All documents evidencing, concerning or relating to the allegation contained in paragraph 32 of an "oral agreement" made between Aetna/Travelers and TIG.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the Request seeks overly broad information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763 including in particular Trav 0031-35, 0082-0083, 0087,  0106-0107, 0124-0129, 0137, 0165, 0191-0192, 1397-1400, 1403, 1499, 1904, 1908-1909, 1913, 1921, 9017-9068, 9091-9139, 9140-9164.   In addition Travelers reserves the right to rely upon documents produced or to be produced by TIG.**

      4.      All documents evidencing, concerning or relating to the allegations contained in paragraph 24 of the Complaint that "[f]rom October 1996 to April 2001, Travelers, in response to TIG's requests, sent TIG detailed time records evidencing the hours worked and services provided by Milano and Wanat in defense of Weitz and records of other defense costs."

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to

13

the extent this requests seeks attorney client and work product privileged information and
further objects to the extent the request seeks overly broad or irrelevant information or will
unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states
See generally documents produced and documents contained in Travelers claims files
Trav Nos. 0001-3763 including in particular Trav  0131, 0137, 0140, 0152-0153, 4049,
4058, 4060-4061.  In addition Travelers reserves the right to rely upon documents
produced or to be produced by TIG and further refers TIG to the files of Milano and
Wanat which may also show direct communications between TIG and defense counsel.**


5.      All documents evidencing, relating or referring to Aetna/Travelers retention
of Milano & Wanat to represent the interests of Weitz in the Action, including without
limitation, billing guidelines.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states
See generally documents contained in Travelers claims files Trav Nos. 0001-3763, and
Trav 4000-5431, including in particular Trav  4151-4160, 4364-4387, and 5258-5270,
and Trav 9017-11274.**

6.      All invoices of Milano & Wanat for services rendered and expenses incurred
in defending Weitz in the Action.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states
See generally documents contained in Travelers claims files Trav Nos. 0001-3763, Trav
4000-5431, and Trav 9069-9090 and 9165-11274.**

14

7.    All letters, memoranda and other documents exchanged by and between TIG and Aetna/Travelers concerning audits or reviews of Milano & Wanat invoices.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763 and Trav 4000-5431.**

8.    All audits and other documents evidencing reviews of the Milano & Wanat invoices.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763 and Trav 4000-5431.  Note also that the audit files of Milano and Wanat contain numerous non-responsive documents. Travelers has withheld from production on the grounds of relevance, non-responsiveness, and/or confidentiality of information relating to insureds other than Weitz and Janazzo.  Generalized audit information  which includes information about insureds other than Weitz and Janazzo, but which is not identified**

15

**by the names of the other insureds has been produced to the extent the documents contain otherwise reflected or requested information. Documents which have not been produced are as follows: Nos. Trav 4758, 4782-4783, 4789, 4792-4795, 4848-4857, 4895-4896, 4904-4918, 4921-4930, 4939—5090, 5093-5189, 5191-5244, 5255-5257, 5300-5318, 5322-5333, 5384-5410, 5431-5752.**

9.     All checks evidencing Aetna/Travelers' payment of Milano & Wanat invoices.

**Subject to and without waiving the foregoing objections, Plaintiff states it is still searching for checks evidencing payment to Milano and Wanat, but the billing files of Travelers Claim department are included in the documents produced here with including Trav 9069-9090 and 9165-11274.**

10.     All documents evidencing job descriptions for the Aetna/Travelers claims handler(s) responsible for the Action.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

11.     All documents evidencing job descriptions for the Aetna/Travelers claims manager(s) responsible for the Action.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and

16

further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

12.    All letters, memoranda, and other documents evidencing communications by and between Aetna/Travelers and Weitz concerning Travelers' claims for reimbursement or contribution from Weitz for the cost of defending Weitz in the Shoreline Action.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763 and 9017-9068, 9091-9139, and 9140-9164.**

13.    Aetna's entire claim file for the Shoreline Action matter.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763, see also print outs of computer claims file notes produced at Trav 9017-9068, 9091-9139, 9140-9164.**

14.    Travelers' entire claim file for the Shoreline Action matter.

17

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763, see also print outs of computer claims file notes produced at Trav 9017-9068, 9091-9139, 9140-9164.**

15.    All letters, demands, pleadings and other documents exchanged by and between Aetna/Travelers and any insurer (other than TIG), including, without limitation, Employers Insurance of Wausau, concerning obligations to defend Weitz against claims made in the Shoreline Action.

**OBJECTION**: Plaintiff objects based on the general objections and specifically objects to the extent this requests seeks attorney client and work product privileged information and further objects to the extent the request seeks overly broad or irrelevant information or will unduly burden plaintiff in trying to answer.

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff states See generally documents contained in Travelers claims files Trav Nos. 0001-3763, but Travelers has not identified any particular demands made upon other insurers other than those made by TIG.**

18

**AFFIRMATION**

I hereby acknowledge under oath that the foregoing interrogatory responses are true and correct to the best of my knowledge and belief.

_____

Kevin F. Morin

Subscribed and sworn to before me
on March   , 2004

_____

Notary

**THE PLAINTIFF, TRAVELERS
CASUALTY & SURETY
COMPANY OF AMERICA**

_____

Peter M. Nolin (ct06223)
Stephanie A. McLaughlin (ct22774)
**Sandak Hennessey & Greco LLP**
970 Summer Street
Stamford, CT 06905
(203) 425-4200
(203) 325-8608 facsimile

19

## **CERTIFICATION**

     I hereby certify that a copy of the foregoing was mailed, by Federal Express, on this

19th day of March, 2004, to:


Calum B. Anderson
DANAHER, LAGNESE & NEAL, P.C.
Capitol Place
21 Oak Street
Hartford, CT 06106
(860) 247-3666


                            _____
                            Peter Nolin