**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, : : : | |
| Plaintiff, : | CIVIL ACTION NO.: 3:02CV0408(AWT) : |
| v. : : | |
| TIG INSURANCE COMPANY, : : | |
| Defendant. : | September 17, 2004 |

**STIPULATION TO MODIFY CASE SCHEDULING AND PRETRIAL DEADLINES**

Plaintiff, Travelers Casualty & Surety Company of America ("Travelers") and Defendant TIG Insurance Company ("TIG") through counsel hereby stipulate to amend the previously filed Rule 26(f) report and to modify pretrial deadlines as set forth below. The parties have agreed that this case might best be adjudicated by filing immediate cross motions for summary judgment before the parties complete further costly discovery by means of depositions. The parties have agreed to file cross-motions for summary judgment by October 8, 2004, but each party wishes to reserve the right to take further factual discovery, including discovery by deposition, prior to December 30, 2004, if it appears there are pertinent and factual issues in dispute as a result of those cross motions. Accordingly the parties request that the case pretrial deadlines be amended in accordance with the following amended schedules:

I.   Date Complaint Filed:           March 6, 2002

II.  Date Complaint Served:          March 12, 2002

III. Date of Defendant's Appearance: April 2, 2002

IV.  Date of Defendant's Answer      April 12, 2002

Pursuant to Fed.R.Civ.P. 16(b), and 26(f) and D. Conn. L. Civ. R. 38, a follow up case scheduling conference was held on August 12, 2004. The counsel participating were:

> Peter M. Nolin, counsel for Travelers.
> Louis G. Corsi, counsel for TIG

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed amended case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

    A.  *Subject Matter Jurisdiction:*  Plaintiff contends that because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. This action is one in which the District Court of the United States is given original jurisdiction pursuant to 28 U.S.C. §1332(a). Based on plaintiff's contention as to the amount in controversy, TIG believes there is subject matter jurisdiction.

    B.  *Personal Jurisdiction:*  Personal jurisdiction issues have been satisfied, and venue is proper and convenient.

**III.   Brief Description of the Case:**

    A.  *Claims of Plaintiff:*   Travelers contends that in 1996 TIG agreed to provide the Weitz Company Inc. ("Weitz") with a defense of certain construction litigation commenced by Shoreline Care Limited Partnership ("Shoreline"). Travelers also agreed to provide Weitz with

378374 v1                                         2

a defense in that action. Thereafter TIG and Travelers each agreed to split the cost of the Weitz defense on a 50/50 basis. Travelers provided that defense and has incurred defense costs of excess of $887,256. TIG never contributed to the defense costs and in April 2001 advised Travelers it was withdrawing its defense from Weitz.

  B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims)*: TIG contends that it never entered into a contract or made a binding promise with Travelers to participate in the cost of defending Weitz against the claims asserted in the Shoreline Action.

**IV.** **Statement of Undisputed Facts**

  Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

  1. Travelers is incorporated under the laws of Connecticut with a principal place of business in Hartford, Connecticut.

  2. TIG is incorporated under the laws of California with a principal place of business in Urban, Texas.

  3. Travelers and TIG are both in the business of providing insurance, including liability insurance to businesses and individuals, including businesses and individuals located in Connecticut.

  4. TIG issued to Janazzo Heating & Air Conditioning ("Janazzo") TIG Policy No. 30790261 for the policy period September 1, 1991 to September 1, 1992.

  5. In 1994, Shoreline Care Limited Partnership ("Shoreline") brought an action in the Connecticut Superior Court for the District of New Haven, Docket No. CV-94-0155982-S

378374 v1  3

against Jansen & Rogan Consulting Engineers.

6. In 1996, Shoreline cited Weitz with the Shoreline Action as an additional defendant.

7. From September 1, 1992 through September 1, 1995, Aetna Casualty & Surety Company of America ("Aetna") provided general liability and other insurance coverage to Janazzo under Policy No. 007 AC 22549565, 23584577 and 24387637 (the "Aetna Policies").

8. Weitz is an additional insured on the Aetna Policies.

9. Travelers is the successor-in-interest to all of Aetna's rights and obligations under the Aetna Policies.

10. TIG never issued to Weitz a policy of insurance.

**V.     Case Management Plan**

   *A.     Standing Order on Scheduling Civil Cases*

The parties request a modification of the deadlines in the Standing Order on Scheduling Civil Cases and the previously entered scheduling orders in this action. Please see sections E-G for suggested modifications.

   *B.     Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of this scheduling order pursuant to F.R.C.P. 16(b).

   *C.     Early Settlement Conference*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

378374 v1                                              4

    2.    The parties do not request an early settlement conference.

    3.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn .L. Civ .R. 36 at this time.

    D.    *Joinder of Parties and Amendment of Pleadings*

The parties do not request any additional time for joining additional parties or amending the pleadings.

    E.    *Discovery*

    1.    As noted above the parties will proceed to summary judgment having exchanged an initial round of paper discovery.

If they proceed with further discovery by depositions, the parties anticipate that discovery may be needed on the following subjects:

    a.    The plaintiff anticipates the need for discovery concerning whether Weitz was named as an additional insured on the TIG policy provided to Janazzo, whether Weitz was given reason to expect it had coverage from TIG, whether TIG is estopped from contesting its obligation to defend Weitz by the passage of time and its participation in Weitz's defense and whether TIG agreed with Travelers to split the cost of defending Weitz on a 50/50 basis.

    b.    The defendant anticipates the need for discovery regarding Traveler's duties and obligations to defend Weitz against the claims asserted in the Shoreline Action; Traveler's claim that TIG contracted with Travelers to pay one-half the reasonable cost to defend Weitz in the Shoreline Action; Traveler's claim that TIG promised to participate in the defense of the claims made against Weitz; Travelers claim that it altered its position in reliance on TIG's alleged promise; and Travelers' alleged damages.

378374 v1    5

2. All discovery completed by April 30, 2005.

3. Fact discovery completed by December 30, 2004.

4. The depositions completed by December 30, 2004.

5. The parties do not anticipate that they will request permission to serve more than twenty-five interrogatories and the parties have already exchanged extensive paper disclosure by way of interrogatories and requests for productions.

6. Currently Plaintiff does not contemplate the need for expert testimony in this action, but if the Plaintiff chose to offer such testimony it will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P 26(a)(2) by January 30, 2005. Depositions of any such experts will be completed by March 1, 2005.

7. The defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P 26(a)(2) by March 30 2005. Depositions of any such experts will be completed by April 30, 2005.

8. Plaintiff provided its damage analysis to Defendant on June 1, 2004.

F. *Dispositive Motions*

By agreement the parties will exchange and file dispositive cross motions for summary judgment on or before October 8, 2004.

G. *Joint Trial Memorandum*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 30 2005 except that if the dispositive motions are still pending as of April 30, 2004, no joint trial memorandum will be required, without further scheduling order of this Court.

VI. **Trial Readiness**.

If the case is not decided upon the cross summary judgments of the parties the case will be ready for trial on or after May 30, 2005.

As officers of the court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

>THE PLAINTIFF
>
>_____/s/_____
>Peter M. Nolin (ct06223)
>**Sandak Hennessey & Greco LLP**
>970 Summer Street
>Stamford, CT 06905
>(203) 425-4200
>Fax (203) 325-8608
>
>THE DEFENDANT
>
>_____/s/_____
>Louis G. Corsi (ct 26157)
>**Landman Corsi Ballaine & Ford P.C.**
>120 Broadway, 27th Floor
>New York, NY 10271
>(212) 238-4800 (Telephone)
>(212) 238-4848 (Fax)

**CERTIFICATION**

      I hereby certify that a copy of the foregoing **Stipulation to Modify Case Scheduling and Pretrial Deadlines** was mailed on September 17, 2004 to:

>Louis G. Corsi, Esq.
>Landman Corsi Ballaine & Ford P.C.
>120 Broadway
>New York, NY 10271
>
>Jeffrey Tinley, Esq.
>Tinley Nastri Renehan & Dost, LLP
>601 North Main Street, 2nd Floor
>Waterbury, Connecticut 06702

                             _____/s/_____
                                 Peter M. Nolin