## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRAVELERS CASUALTY & SURETY** | : | |
| **COMPANY OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION  NO.** |
| **v.** | : | **302CV408(AWT)** |
| | : | |
| **TIG INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | **NOVEMBER 10, 2004** |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Travelers Casualty & Surety Company of America ("Travelers"),

pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules

of Civil Procedure, moves this Court for summary judgment.  Travelers seeks a

determination and declaration that the Defendant TIG Insurance Company, f/k/a

Transamerica Insurance Group ("TIG"), entered into an oral agreement with Travelers to pay

fifty percent (50%) of the legal fees associated with defending The Weitz Company, LLC

("Weitz"), in an action brought by Shoreline Care, Limited Partnership ("Shoreline") in the

Connecticut Superior Court for the Judicial District of New Haven, Docket Number CV-94-

0155982-S (the "Shoreline Action"), in which Weitz was cited in as an additional defendant

in 1996.  Travelers seeks a determination and declaration that the oral agreement between

TIG and Travelers is an enforceable oral contract and that TIG has breached the contract by

failing to pay its fifty percent share of the costs incurred by Travelers in the defense of Weitz.

Travelers also seeks a determination that TIG falsely represented that it would honor its

commitment to pay fifty percent of the defense costs incurred in the Weitz defense and then failed to pay any share of the defense costs incurred on behalf of Weitz.

Furthermore, Travelers seeks a determination that because TIG's promise to pay fifty percent of the legal fees associated with the Weitz defense induced Travelers to rely on TIG's promise, TIG is estopped from retroactively withdrawing its promise to Travelers to pay fifty percent of the Weitz defense costs and from retroactively withdrawing its defense of Weitz.  Finally if the Court determines that there was no enforceable contract between the parties, Travelers seeks a determination that in equity TIG owes Travelers a share of the money expended in the defense of Weitz.  Submitted herewith are *Plaintiff's Local Rule 56(a)1 Statement of Material Facts Not in Dispute; Plaintiffs Appendix to Local Rule 56(a)1 Statement of Material Facts Not in Dispute In Support of Plaintiff's Summary Judgment Motion;  Affidavit of Gerard E. Doak* (attached hereto as Exhibit A)*;  Affidavit of Gerald Zwick* (Attached hereto as Exhibit B)*; Affidavit of Christopher Wanat* (Attached hereto as Exhibit C)*;* and *Plaintiff's Memorandum of Law in Support of Summary Judgment*. Plaintiff's Memorandum states the reasons why, as a matter of law on the undisputed facts, Travelers is entitled to summary judgment on each count because there are no genuine issues of material fact in dispute as to the oral agreement of the parties, the fact that TIG has breached that oral agreement with Travelers, the fact that TIG repeatedly misrepresented that it would honor its oral agreement with Travelers, and that TIG was estopped from reneging on its oral agreement with Travelers and from withdrawing its defense of Weitz, or in equity owes a share of the defense costs to Travelers.

On the basis of the undisputed factual record, Travelers seeks damages based on the defense costs TIG has failed or refused to pay, 50% of $887,256.00, or $443,628.00 together with interest and punitive damages as the Court deems warranted by TIG's conduct.

Wherefore, the Plaintiff respectfully moves for the entry of summary judgment in its favor on each of the counts of its Complaint.

**THE PLAINTIFF,**
**TRAVELERS CASUALTY &**
**SURETY COMPANY OF AMERICA**


By_____**/S/**_____
Peter M. Nolin (ct 06223)
**Sandak Hennessey & Greco LLP**
707 Summer Street
Stamford, CT  06901-1026
(203) 425-4200
(203) 325-8608 (fax)
pnolin@shglaw.com

## **CERTIFICATION**

I certify that a copy of the foregoing Motion for Summary Judgment, with attached affidavits, Plaintiff's Local Rule 56(a)1 Statement of Material Facts Not in Dispute; Plaintiff's Appendix to Local Rule 56(a)1 Statement of Material Facts Not in Dispute In Support of Plaintiff's Summary Judgment Motion,  have been sent via Federal Express on this 10th day of November, 2004 to:

Louis G. Corsi (ct 26157)
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 27th Floor
New York, NY 10271

Jeffrey J. Tinley
Tinley Nastri Renehan & Dost LLP
60 North Main Street, 2nd floor
Waterbury, CT  06702-1403


_____**/S/**_____
Peter M. Nolin