DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. |
| | ) ) | 3:02CV408 (AWT) |
| v. | ) ) ) | |
| TIG INSURANCE COMPANY | ) ) | |
| Defendant. | ) | NOVEMBER 4, 2004 |

## AFFIDAVIT OF GERALD ZWICK

I, Gerald Zwick, being duly sworn, hereby depose and say:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I make this Affidavit based on my personal knowledge and on the records of Travelers Casualty & Surety Company of America.

3. Prior to 1996, I was employed as a claims handler of Aetna Casualty & Surety Company (Aetna).

4. In 1996, the Travelers Property and Casualty Company ("Travelers") acquired and became the successor in interest to various casualty lines of business of Aetna, and thereafter, I became an employee of Travelers as a Senior Technical Specialist.

5. From September 1, 1992 through September 1, 1995, Aetna provided general liability and other insurance coverage to Janazzo Heating & Air Conditioning ("Janazzo") under Policy No. 007 AC 22549565, 23584577 and 24387637 (the "Aetna Policies").

1

6. In 1996, I was aware that Janazzo had named as an additional insured under these policies, a general contractor, the Weitz Company Inc., ("Weitz") in connection with a Connecticut based construction project known as Evergreen Woods and I was aware that the developer of that project Shoreline Care Limited Partnership had arbitrated certain claims with Weitz related to that project for which Aetna had denied coverage.

7. In the summer of 1996, I was advised that Shoreline Care Limited Partnership had named Weitz as a defendant in certain pending litigation related to that project.

8. In the late summer of 1996, I, on behalf of Travelers, retained Milano & Wanat to represent the Weitz Company Inc., in *Shoreline Care Limited Partnership v. Jansen & Rogan Consulting Engineers, P.C.,* pending in the Connecticut Superior Court for the District of New Haven, Docket No. CV-94-0155982-S.

9. Thereafter I learned that TIG Insurance Company ("TIG") had issued to Janazzo TIG Policy No. 30790261, for the policy period September 1, 1991 to September 1, 1992.

10. In September 1996, Weitz provided me with a letter dated September 6, 1996, in which TIG, through its then counsel, Mark P. Bailey of Morrison, Mahoney & Miller of Boston Massachusetts ("Attorney Bailey"), informed Weitz that TIG would provide Weitz with a defense in the Shoreline Action subject to TIG's full reservation of rights.

11. In that letter, TIG identified Weitz as an additional insured under the TIG policy for Janazzo and TIG asserted:

> "With respect (sic) the Shoreline lawsuit which TIG has agreed to defend subject to a reservation of rights, one or more of the other carriers which insured Weitz during the relevant periods may also agree to defend Weitz. If so, TIG anticipates working with those insurers to coordinate Weitz's defense. Such coordination may include an agreement to share the costs of Weitz's defense in some equitable manner and to select counsel to defend Weitz in the lawsuit."

2

12. That letter was copied to F. Lee Yeager of TIG and I determined to contact TIG to discuss the issue of sharing the defense of Weitz in the Shoreline Litigation

13. Sometime in September 1996, Mr. Yeager on behalf of TIG and I discussed by telephone sharing the cost of defending Weitz in the Shoreline Litigation, and in that call Mr. Yeager and I agreed that Travelers and TIG would split the defense costs on behalf of Weitz on a 50/50 basis.

14. On or about October 6, 1996, I conferred with Attorney Bailey about the defense of Weitz in the Shoreline Action. Attorney Bailey expressed concerns as to why Travelers had not consulted TIG about the selection of defense counsel for Weitz. I advised him that Travelers had proceeded to have counsel file an appearance to protect Weitz interests and that the Travelers selected defense counsel, Chris Wanat of Milano and Wanat ("Attorney Wanat"), would be less expensive then using Weitz's previously retained counsel, Barry Waters of Murtha Cullina and Richter. I gave Attorney Bailey the address and telephone number for Attorney Wanat and invited him to discuss any portion of the defense strategy in handling the claim.

15. I made note in Travelers computer files on October 30, 1996, that Mr. Yeager on behalf of TIG had agreed to split the cost of defending Weitz in the Shoreline Action, with Travelers.

16. In late October or early November 1996, a meeting was scheduled in Hartford with representations of Weitz, their attorneys, including Barry Waters of Murtha Cullina, TIG and its attorney, Mark Bailey of Morrison, Mahoney & Miller, Travelers and attorneys from Milano & Wanat to discuss defense strategy for Weitz, but do to a scheduling conflict, I was unable to attend as the Travelers' representative

17. Thereafter and throughout 1997, I was made aware by attorneys at Milano & Wanat that Mr. Yeager was requesting and receiving information on the plan for how Weitz would be defended and that he was provided with various memoranda and pleadings related to that defense.

18. By letter dated February 26, 1998, I wrote to Mr. Yeager and stated in part:

> My notes reflect that your carrier and the Travelers, because of overlapping coverage, were to split the costs of defense in this matter. To date we have expended the sum of $64,161.33 in the defense of this most involved case.
>
> Since it is my recollection that your carrier would agree to share defense costs in this matter, please advise your carrier that we are seeking reimbursement in the amount of $32,080.66 to be made payable to The Travelers Property Casualty Company.

19. By letter dated April 2, 1998, Mr. Yeager on behalf of TIG responded to me and therein he questioned the amount of defense costs incurred, sought detailed billing records and correspondence from defense counsel, and also stated:

> On receipt of this documentation, TIG will honor its commitment, but will limit its indemnification to actual time incurred as supported by pertinent documentation.

20. Thereafter I was reassigned from this file but as of that time, TIG had not paid any of the costs incurred in the defense of Weitz in the Shoreline Litigation.

21. At no time between September 1996 and April 1998 did TIG advise me that it had any reservations or concerns about our agreement to split the costs of defending Weitz in the Shoreline Litigation on a 50/50 basis.

*Gerald Zwick*
Gerald Zwick

Subscribed and sworn to before me this ___ day of _____, 2004.



Commissioner of the Superior Court
Notary Public
My Commission Expires: MY COMMISSION EXPIRES JULY 31, 2007

5