## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ) ) ) | |
| Plaintiff ) ) | CIVIL ACTION NO: 3:02CV408 (AWT) |
| v. ) ) ) | |
| TIG INSURANCE COMPANY ) ) | |
| Defendant. ) | NOVEMBER 10, 2004 |

### AFFIDAVIT OF CHRISTOPHER WANAT

I, Christopher Wanat, being duly sworn, hereby depose and say:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I make this Affidavit based in part on my personal knowledge and in part on the records of my law firm Milano & Wanat LLC as provided by Travelers' counsel in this matter.

3. I have practiced law in the State of Connecticut since 1987.

4. I am a managing member of the firm of Milano & Wanat LLC at 471 East Main Street, Branford, Connecticut.

5. Prior to the summer of 1996 Milano & Wanat LLC had been on the list of approved defense counsel of Aetna Casualty & Surety Company (Aetna) and our firm was routinely retained by Aetna to defend its insureds on liability claims pending in the courts in Connecticut.

6. In 1996, we were advised that the Travelers Property and Casualty Company ("Travelers") had become the successor in interest to various casualty lines of business of Aetna

1

and thereafter our firm began to do work as liability defense counsel for numerous insureds of the Travelers.

7. In the late summer of 1996 Milano & Wanat LLC was retained originally by Aetna and thereafter by the Travelers to represent the Weitz Company Inc., in *Shoreline Care Limited Partnership v. Jansen & Rogan Consulting Engineers, P.C.* pending in the Connecticut Superior Court for the District of New Haven, Docket No. CV-94-0155982-S.

8. Thereafter, we were advised by Gerald Zwick, the Travelers claim representative in charge of this file, that he had reached an agreement with a representative of the Transamerica Insurance Group ("TIG") that Travelers and TIG would be jointly participating in the defense of this matter and that our fees would be split between the two insurers.

9. Throughout 1997, Yeager requested and received confidential information from attorneys at our firm on the plan for how Weitz would be defended. *For examples see* Plaintiff's Appendix To Local Rule 56(A)1. Statement Of Material Facts Not In Dispute In Support Of Plaintiff's Motion For Summary Judgment, at Tabs 6, 7, 9, 10, 11, & 13. (Hereinafter "Appendix at").

10. Thereafter, through January of 1998, we received payments from Travelers for our fees and expenses but we received no payments from TIG.

11. During 1998 and 1999 representatives of Milano & Wanat provided confidential defense information to TIG regarding our activities in the defense of Weitz and our planned strategy for further defense. *See e.g.,* Appendix at Tab 22, 23, 24, 27, 29 & 33.

12. In 2000 Milano & Wanat LLC continued to provide confidential communications to TIG regarding the defense of Weitz, and Milano & Wanat LLC provided detailed billing information to TIG. *See e.g.,* Appendix at Tab 35 & 39.

2