# EXHIBIT A

Not Reported in A.                                                    Page    1
1997 WL 53320 (Conn.Super.)
(Cite as: 1997 WL 53320 (Conn.Super.))

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

IMPERIAL CASUALTY AND INDEMNITY COMPANY
v.
ITT HARTFORD INSURANCE GROUP FOUNDATION, INCORPORATED et al.

No. CV 950551251S.

Jan. 31, 1997.

Memorandum of Decision Re Defendants' Motion to Strike

SPADA, Judge.

*1 The issue raised is whether Counts one, two, three, and four of the revised complaint fail to state a cause of action upon which relief can be granted.

On June 15, 1995, the plaintiff, Imperial Casualty & Indemnity Co. ("Imperial"), filed this action against the following defendants: ITT Hartford Insurance Group Foundation, Inc. ("ITT Hartford"); Hartford Accident & Indemnity Co. ("Hartford Accident") New York Underwriters, Insurance Co. ("New York Underwriters"); and Twin City Fire Insurance Co. ("Twin City"). On March 29, 1996, the plaintiff filed a four-count revised complaint alleging the following facts.

On February 16, 1989, North Haven police officers engaged in the pursuit of a stolen vehicle. During the pursuit, the police officers were involved in an accident, which resulted in injury to four individuals. The four individuals brought suit against the North Haven police officers and the town of North Haven ("the town") for alleged negligence in the execution of the pursuit.

At the time of the accident, ITT Hartford, through the defendants Hartford Accident, New York Underwriters and Twin City, had in effect three insurance policies covering the town. Imperial at the time of the accident had a Law Enforcement Liability Policy in effect. Imperial's policy exempted from coverage any "acts or occurrences resulting from the ownership, operations, [or] use ... of any land motor vehicle." Imperial contends that the four individuals' claims fell within the coverage of the defendants' policies.

ITT Hartford assumed the primary defense in the suit brought by the four individuals against the police officers and the town. Imperial contributed to the cost of the defense. In the course of this action, the four individuals submitted a settlement offer to the defendants. Imperial alleges that the settlement offer was "well with[in] the combined limits of the ITT Hartford policies," but that ITT Hartford "wrongfully refused" to settle, and, instead, demanded that "Imperial exhaust its policy." Imperial then paid the remainder of its policy limit toward the settlement. In its revised complaint, the plaintiff is seeking from the defendants "reimbursement of monies expended in payment of the settlement." The plaintiff alleges that the defendants, by wrongfully refusing to settle the underlying claim, acted in "bad faith" (count one) [FN1] and were unjustly enriched (count two). The plaintiff further claims that it is entitled to recover as either an intended beneficiary (count three) or in the alternative as an incidental beneficiary (count four) under the contracts between the defendants and the town.

FN1. The cause of action alleged by the plaintiff in count one is in dispute. The plaintiff argues that count one is an action for equitable subrogation. The defendants contend that count one alleges a claim of bad faith. It appears that count one is a claim of bad faith against the defendants for wrongfully refusing to settle. On July 8, 1995, the defendants filed a request to revise plaintiff's complaint. The defendants requested count one be revised in order to give the defendants notice as to whether the plaintiff brought this action "on its own behalf for injuries alleged to have been directly

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.





inflicted on it by the defendants or whether this action is being brought under a subrogation theory by Imperial on behalf of North Haven." The plaintiff revised its complaint to state in paragraph one that "*[t]his action is brought on behalf of Imperial* for injuries and losses *directly inflicted on Imperial by defendants.*" (Emphasis added.) In paragraph 13 of the revised complaint, the plaintiff further states that "[b]y wrongfully refusing to settle the underlying plaintiffs' claims ... the defendants acted in *bad faith,* all to the loss & detriment of Imperial." (Emphasis added.) The pleadings appear to allege a cause of action based on bad faith.

On June 12, 1996, the defendants filed a motion to strike each count of the plaintiff's revised complaint for failure to state a claim upon which relief can be granted. Pursuant to Practice Book § 155, the defendants filed a supporting memorandum of law and the plaintiffs filed an opposing memorandum. On August 26, 1996, the defendants filed a memorandum of law in response to plaintiff's opposition memorandum.

**\*2** A motion to strike tests "the legal sufficiency of a pleading." *R.K. Constructors, Inc. v. Fusco Corp.,* 231 Conn. 381, 384, 650 A.2d 153 (1994). "In deciding upon a motion to strike ... a trial court must take the facts to be those alleged in the complaint ... and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) *Liljedahl Bros., Inc. v. Grigsby,* 215 Conn. 345, 348, 576 A.2d 149 (1990). The motion to strike "admits all *facts* well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* state in the pleadings." (Emphasis in the original.) *Mingachos v. CBS, Inc.,* 196 Conn. 91, 108, 491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc. v. BOC Group, Inc.,* 224 Conn. 210, 215, 618 A.2d 25 (1992).

The defendants move to strike count one of the revised complaint arguing that the facts pleaded by the plaintiff do not rise to the level of bad faith and that only the parties to the actual contract may assert a claim for bad

faith.

The implied covenant of good faith and fair dealing has been applied to insurance contracts. *Buckman v. People Express, Inc.,* 205 Conn. 166, 170, 530 A.2d 596 (1987). "The duty to so act is imminent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself." *L.F. Pace & Sons, Inc. v. Travelers Indemnity Co.,* Conn.App. 30, 46, 514 A.2d 766 (1986). The implied covenant of good faith and fair dealing is breached, "when the insurer unreasonably and in bad faith withholds payment of the claim of its insured." *Id.*

"[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity ... it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) *Buckman v. People Express, Inc., supra,* 205 Conn. 171. "In order to make [such a claim] the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim." (Internal quotation marks omitted.) *Grant v. Colonial Penn Ins. Co..* Superior Court, judicial district of Bridgeport, Docket No. 321277 (January 16, 1996) (Hauser, J., 16 Conn. L. Rptr. 49); see also *Sponzo v. Hartford Underwriters Ins. Gr.,* Superior Court, judicial district of Hartford/New Britain at Hartford (March 15, 1996) (Aurigemma, J.) (stating that "[t]he mere failure of an insurance company to pay a questionable claim is not enough to establish an action under a theory of bad faith."). The plaintiff must establish that the defendants "acted with a dishonest purpose, moral obliquity, furtive design or ill will." *Sponzo v. Hartford Underwriters Ins. Gr., supra.*

**\*3** Furthermore, only parties to the actual contract may enforce the implied covenant of good faith and fair dealing. *Grant v. Colonial Penn Ins. Co., supra; Decormier v. Grange Mutual Casualty Co.,* Superior Court, judicial district of New London at New London, Docket No. 525835 (October 18, 1993) (Hurley, J.) ("No Connecticut court has extended the implied

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.                                                    Page   3
(Cite as: 1997 WL 53320, *3 (Conn.Super.))

covenant of fair dealing and good faith to parties who have not entered into a contractual relationship"). (Internal quotation marks omitted.) *Grant v. Colonial Penn Ins. Co., supra.* "An insurance company does not have a duty to settle fairly with third party claimants ... nor does a claimant have a direct cause of action against an insurance company of the tortfeasor." (Citations omitted; internal quotation marks omitted.) *Id.*

The plaintiff's first count is legally insufficient because the duty of good faith and fair dealing does not extend to the plaintiff, who is not a party to the insurance contract. The first count must also fail because it does not include any specific allegations which demonstrate bad faith on the part of the defendants. The plaintiff only asserts that the defendants "wrongfully refused to settle" and does not allege facts from which it could be found that the defendants' conduct rose to the level of "ill will," "dishonest purpose," "moral obliquity," or "furtive design." Accordingly the plaintiff's first count is stricken.

The defendants move to strike count two of the revised complaint, which alleges unjust enrichment, arguing that Connecticut has not recognized a cause of action by one insurer against another insurer for unjust enrichment and alternatively, that the plaintiff failed to allege facts in its revised complaint sufficient to support a claim of unjust enrichment. The defendants further argue that the plaintiff failed to plead that the defendants were benefited. The plaintiff contends that unjust enrichment sounds in equity and may be asserted by an insurance carrier plaintiff as could any other plaintiff.

"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another ..." (Internal quotation marks omitted.) *Weisman v. Kaspar,* 233 Conn. 531, 550, 661 A.2d 530 (1995). Unjust enrichment is "a broad and flexible remedy"; *Polverari v. Peatt,* 29 Conn.App. 191, 200, 614

A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992); "to be applied when no remedy is available pursuant to contract." *Ayotte Bros. Construction Co. v. Finney,* 42 Conn.App. 578, 581, 680 A.2d 330 (1996).

"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment ..." (Internal quotation marks omitted.) *Weisman v. Kaspar, supra,* 233 Conn. 550. "All the facts of each case must be examined to determine whether the circumstances render it just or unjust, equitable or inequitable, conscionable or unconscionable, to apply this doctrine." (Internal quotation marks omitted.) *Garwood & Sons Construction Co. v. Centos Associates Limited Partnership,* 8 Conn.App. 185, 187, 511 A.2d 377 (1986). "The question is: Did he, [the party liable] to the detriment of someone else, obtain something of value to which he was not entitled?" (Internal quotation marks omitted.) *Burns v. Koellmer,* 11 Conn.App. 375, 384, 527 A.2d 1210 (1987).

*4 No Connecticut case law has been found that prevents an insurance company from asserting a claim of unjust enrichment. Because unjust enrichment is "a broad and flexible remedy" sounding in equity, it may be alleged by one insurance company against another insurance company.

The defendants contend that the "Complaint nowhere alleges any 'benefit' to the defendants or anything of value that they received." The defendants to have benefited must have "received something of value." *Providence Electric Co. v. Sutton Place, Inc.,* 161 Conn. 242, 246, 287 A.2d 379, (1971). The plaintiff's allegation that the defendants "were unjustly enriched in that they did not fulfill their obligations under their policies," when the defendants "wrongfully refused" to settle the disputed claim satisfies the value requirement.

The court concludes that the pleadings support a claim for unjust enrichment in the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

second count.    Accordingly the defendants' motion to strike count two is denied.

The defendants further move to strike counts three and four of the revised complaint.    The plaintiff seeks to recover as an intended beneficiary (count three) or in the alternative as an incidental beneficiary (count four) of the contracts between the defendants and the town.    The defendants contend that the plaintiff has not alleged the necessary elements to establish that the plaintiff was a third-party beneficiary.

A third-party beneficiary is "[o]ne for whose benefit a promise is made in a contract but who is not a party to the contract."   Black's Law Dictionary (56th Ed.1979).   "A third-party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract." *Gateway Co. v. DiNoia,* 232, 230, 654 A.2d 342 (1995).   "The proper test to determine whether a [contract] ...    creates a third-party beneficiary relationship is whether the parties to the [contract] ... intended to create a *direct obligation* from one party to the [contract] ... to the third party." (Emphasis in the original.) *Id.*;   see also *Knapp v. New Haven Road Construction Co.,* 150 Conn. 321, 325, 189 A.2d 386 (1963); *Congress & Daggett, Inc. v. Seamless Rubber Co.,* 145 Conn. 318, 324, 142 A.2d 137 (1958).   "Intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." *Colonial Discount Co. v. Avon Motors, Inc.,* 137 Conn. 196, 201, 75 A.2d 507 (1950).

Connecticut case law does not distinguish between an intended or incidental beneficiary. See *Colonial Discount Co. v. Avon Motors, Inc., supra,* 137 Conn. 201-02.   Instead, Connecticut courts look to see "whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party." *Id.* Under this standard, both counts three and four fail when scrutinized under a third party beneficiary analysis regardless of the plaintiff's classification as an intended or incidental beneficiary.

*5 The third and fourth counts of the plaintiff's revised complaint are legally insufficient because the plaintiff does not allege facts from which it can be found that the defendants and the town intended that the defendants should assume a direct obligation to the plaintiff.   The plaintiff, in count three, alleges that it "was an intended beneficiary of the contracts."   In count four, the plaintiff alleges that it "was an incidental beneficiary of the contracts."    These constitute conclusions of law.   The plaintiff fails to allege facts in either count to support its conclusory allegation that it was a third-party beneficiary.   See *Paenti v. Kusmirek,* Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 466330 (July 19, 1995) (Goldberg, S.J., 15 Conn. L. Rptr. 106) (finding plaintiffs who alleged that they were "known and primary beneficiaries of the Defendant's agreement" alleged "a legal conclusion, which the court cannot accept on a motion to strike").   The plaintiff alleges additional facts in its opposition memorandum, but the court is restricted to the facts alleged in the complaint.    See *Liljedahl Bros., Inc. v. Grigsby, supra,* 215 Conn. 348. Accordingly counts three and four are stricken.

1997 WL 53320 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

