# EXHIBIT D

Not Reported in A. Page 1
2004 WL 615570 (Conn.Super.)
(Cite as: 2004 WL 615570 (Conn.Super.))
H

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of New Haven.

Daniel M. ARMIN et al.
v.
Bernhard H. WHITE et al.

No. CV010275718S.

March 9, 2004.

Todd Bainer, Branford, for Daniel M. Armin and Mary Jo Armin.

Antollino Angelo & Scalesse, Branford, Bernard H. White and Kristine A. White.

Jeremy Platek, White Plains, for H. Pearce Real Estate Company Inc., and Nancy Hainsworth.

TANZER, Judge.

*1 The plaintiffs, Daniel M. and Mary Armin (buyers), filed a four-count first amended complaint on April 3, 2001, against the defendants, Bernard H. and Kristine A. White (sellers) seeking damages sustained as the result of the sellers' alleged failure to disclose water drainage problems in the "Residential Property Condition Disclosure Report" (disclosure report) of the property purchased in the sale of the house at 77 Chidsey Drive in North Branford, Connecticut. Count one alleges a breach of contractual obligations of good faith and fair dealing in the sale of the property; count two, fraudulent misrepresentation of water drainage problems on the property; count three, fraudulent nondisclosure of these water drainage problems; and count four, pleaded in the alternative, negligent misrepresentation of these water drainage problems.

The sellers denied the allegations of the complaint. On September 2, 2003, the sellers moved for summary judgment on the ground that there is no genuine issue of material fact with respect to any alleged misrepresentations made by the sellers about water drainage problems in the backyard of the purchased property, and, therefore, they are entitled to judgment as a matter of law. The buyers filed a memorandum of law in opposition with accompanying affidavit and documents.

*DISCUSSION*

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party ... The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Gould v. Mellick & Sexton,* 263 Conn. 140, 146, 819 A.2d 216 (2003).

"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." *Nolan v. Borkowski,* 206 Conn. 495, 500, 538 A.2d 1031 (1988). "As the party moving for summary judgment, the [movant] is required to support its motion with supporting documentation, including affidavits." *Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,* 231 Conn. 756, 796, 653 A.2d 122 (1995). "[T]he party opposing ... a motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Schilberg Integrated Metals Corp. v. Continental Casualty Co.,* 263 Conn. 245, 252, 819 A.2d 773 (2003). "It is not enough ... for

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



the opposing party merely to assert the existence of ... a disputed issue. Mere assertions of fact ... are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) *Id.*, at 252-53. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) *Great Country Bank v. Pastore,* 241 Conn. 423, 436, 696 A.2d 1254 (1997), citing Practice Book § 17-46.

**\*2** In support of their motion for summary judgment, the sellers have submitted the following evidence: (1) an affidavit from the seller, Bernard White, signed and notarized; (2) a copy of the first amended complaint; (3) an unauthenticated copy of the "Residential Property Condition Disclosure Report" (disclosure report); and (4) a copy of the inspection report conducted for the buyers by Tiger Home and Building Inspectors (inspection report). In support of their opposition to the motion for summary judgment, the buyers have submitted the following evidence: (1) an affidavit from the buyer, Daniel Armin, signed and notarized; (2) an authenticated copy of the disclosure report; (3) a signed and attested to copy of Kristine White's answers to interrogatories; and (4) the certified deposition of realtor, Nancy Hainsworth.

The buyers first argue that, because the sellers' motion addresses the legal sufficiency of the complaint, the proper vehicle should be a motion to strike, rather than one for summary judgment. The appellate courts in Connecticut have stated that a motion for summary judgment is a proper way to test the legal sufficiency of the complaint. *Boucher Agency, Inc. v. Zimmer,* 160 Conn. 404, 409, 279 A.2d 540 (1971); *Drahan v. Board of Education,* 42 Conn.App. 480, 498 n. 17, 680 A.2d 316, cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996).

The buyers next argue that the sellers' motion should be rejected on the basis that they failed to authenticate the documents referred to in sellers' Bernard White's affidavit, which is contrary to the requirements of the Practice Book § 17-46. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Practice Book § 17-46; *Fogarty v. Rashaw,* 193 Conn. 442, 444 n. 1, 476 A.2d 582 (1984). "[T]he language of ... [§ 17-46] requires the document submitted to be probative and in the nature of proof ... Uncertified copies of documents to which no affidavit exists attesting to their authenticity ... do not constitute proof or documentary evidence." (Internal quotation marks omitted.) *J. Iapaluccio, Inc. v. City of Torrington,* Superior Court, judicial district of Danbury, Docket No. 318143 (November 13, 1995, Moraghan, J.). With regard to the unauthenticated disclosure report submitted by the sellers and objected to by the buyers, it, nonetheless, will be considered because it is undisputed that it was executed by the sellers and signed by the buyers and, in fact, has been authenticated by the buyers in the affidavit attached to their own memorandum. The copy of the buyers' inspection report entitled "Tiger Home and Building Inspections," also was not authenticated by the sellers. It is undisputed, however, that it was prepared on behalf of the buyers and, in addition, was referred to by the buyers in their memorandum. While the court notes the better and correct procedure is to provide authenticated documentary evidence attached to summary judgment motions, the court, under the circumstances, will nevertheless consider the inspection report for the sake of judicial efficiency and economy.

**\*3** The buyers' four-count amended complaint alleges in count one, a breach of the contractual obligation of the implied covenant of good faith and fair dealing; count two, fraudulent misrepresentation; count three, fraudulent nondisclosure; and count four, negligent misrepresentation. The crux of the buyers' claims for all these counts rests upon

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



failed to disclose water drainage problems associated with the backyard of the house on the disclosure report and to them. [FN1]

> FN1. Specifically the counts allege the following: (1) in the disclosure report, the sellers denied any knowledge of water drainage problems; (2) the sellers knew that historically there had been a significant drainage and water problem with regard to the groundwater accumulation in the rear of the property; (3) the sellers had complained to North Branford town officials during the summer of 1998 about groundwater and/or surface water fluid problems of unknown origin; (4) the sellers misrepresented, denied or failed to disclose that there were any known water drainage problems; (5) the sellers knew these misrepresentations or the failure to disclose them fully when made were false or negligently made; (6) these misrepresentations and affirmative nondisclosures were made to induce the buyers to purchase the property; (7) the buyers did rely on them and purchased the property to their detriment; and (8) the sellers' actions were in violation of the covenant of good faith and fair dealing.

A disclosure report is governed by the Uniform Property Disclosure Condition Act (Act), General Statutes § 20-327b et seq. *Gamietti v. Inspections, Inc.,* 76 Conn.App. 352, 358, 824 A.2d 1 (2003). Specifically, § 20-327b requires the seller on the disclosure report to inform the purchaser "that any representation made by the [seller] in the [report] is limited to the [seller's] *actual knowledge.* General Statutes § 20-327b(d)(2)(A). The statute further requires every report to include a provision that encourages the potential purchaser to have the property inspected by a professional inspector. General Statutes § 20-327b(d)(2)(B). Furthermore, the [disclosure report] must inform the purchaser that any representation made by the [seller] does not constitute a warranty by the [seller]. General Statutes § 20- 327b(d)(2)(D)." (Emphasis in original; internal quotation marks omitted.) *Id.,* at 358-59.

The court in *Gamietti* noted that the enactment of §§ 20-327d and 20-237e underscored the intent of the Act to protect the buyer from the failure to disclose known facts. *Id.,* at 359. "Section 20-327d provides that § 20- 327b does not create any new express or implied warranties by the [seller]. It states that a [seller] is not required to obtain a preconveyance inspection or a test with respect to the physical condition of the property. Moreover, § 20- 327e reiterates that the representations made by the [seller] are limited to information about which the [seller] has actual knowledge." *Id.* In analyzing the legislative history of § 20-327b, the court acknowledged "that the information to be disclosed is limited to representations of fact about which the [seller] has actual knowledge." *Id.,* at 360. The court also reiterated that the purpose of the disclosure report "is to diminish the risk of litigation by facilitating meaningful communications between a [seller] and a prospective purchaser ... [but] ... does not require a [seller] to assume the role of warrantor of conditions of which the [seller] was in fact unaware ." *Id.,* at 360.

"There is ... an indication in the legislative history that the statute was ... intended to promote frank disclosures by a seller of real estate by requiring that his [or her] representations become part of the contract of sale." *Steinhoff v. Woodward II,* Superior Court, judicial district of New London, Docket No. 549302 (August 5, 1999, Martin, J.) (25 Conn. L. Rptr. 241). "[T]he [disclosure] report does not seek to extend the required disclosure beyond the seller's actual knowledge of a defect." *Id.* "It follows, [therefore,] that the legislature left home-buyers to their contractual and tort remedies when it comes to discrepancies within the residential condition report itself." *Id.* "[T]he disclosure requirement [§ 20-327b] merely serves to facilitate the adjudication of contractual and tort claims under a contract of sale that currently exists under the law (i.e., fraudulent misrepresentation; intentional misrepresentation; breach of contract), by requiring documentation of the representations made by the seller." *Id.*

*4 In an action for fraudulent misrepresentation, the buyers have to plead the following elements: "(1) a false representation was made as a statement of



fact; (2) the statement was untrue and known to be [untrue] by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment ... [T]he party asserting [fraud] must prove the existence of the first ... three elements by a higher standard than the usual fair preponderance of the evidence, which ... [has been] described as clear and satisfactory or precise and unequivocal." (Internal quotation marks omitted.) *Miller v. Guimaraes,* 78 Conn.App. 760, 780, 829 A.2d 422 (2003). "All four elements must be found to exist and the absence of any one of them is fatal to a recovery on a fraud claim." *Citino v. Redevelopment Agency,* 51 Conn.App. 262, 276, 721 A.2d 1197 (1998).

The gravamen of a fraudulent nondisclosure claim is the "failure to disclose known facts and ... a request or an occasion or circumstance which imposes a duty to speak." (Internal quotation marks omitted.) *Duksa v.Middletown,* 173 Conn. 124, 127, 376 A.2d 1099 (1977). "Fraud by nondisclosure, which expands on the first three of the four elements [of fraud], involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak." *Gelinas v. Gelinas,* 10 Conn.App. 167, 173, 522 A.2d 295, cert. denied, 204 Conn. 802, 525 A .2d 965 (1987).

For the disclosure report to be the basis of a claim by the buyer, the cause of action must include allegations of "actual knowledge" of the defect by the seller. The buyers, in count two for fraudulent misrepresentation, have alleged that there was a false statement made in the disclosure report about no water problems on the property, that the sellers knew that the statements were false when made, that the buyers justifiably relied on these statements and were damaged as a result. The buyers, in count three for fraudulent nondisclosure, also have alleged that the seller's failure to disclose the water and drainage problems of which the sellers had knowledge and a duty to speak resulted in damages to the buyers. The elements of each of these claims have been sufficiently pleaded by the buyers. Under the standard of review for a motion for summary judgment, the buyers have met their burden of showing there exist genuine issues of material fact as to whether the sellers knew about the water problems, and if so, when did they know of them. Not only are there factual issues in dispute regarding the sellers' actual knowledge but also, there exist issues of fact about the inspection report and what it did disclose in order to determine the issue of buyers' justifiable reliance on the seller's representations or lack thereof in their written and oral disclosures. Since there exist questions of fact as to counts two and three, the sellers' motion for summary judgment is denied.

\*5 In count one of their first amended complaint, the buyers have asserted that they had a contractual relationship with the sellers for the sale of the property, which gave rise to a duty of good faith and fair dealing. The buyers have further asserted that the sellers, in engaging in the conduct, previously described, breached their duty of disclosure. [FN2]

> FN2. "[T]he statute [§ 20-327b] does impose a duty on the seller to disclose information of which the seller is aware. Failure to properly disclose known facts on the disclosure statement is a breach of that duty." (Internal quotation marks omitted.) *Humpage v. Conti,* Superior Court, judicial district of New London at Norwich, Docket No. 120380 (September 27, 2001, Hurley, J.T.R.).

"It is axiomatic that the ... duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship ... [E]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement ... The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term ... In accordance with these authorities, the existence of a contract

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." (Citations omitted; internal quotation marks omitted.) *Macomber v. Travelers Property & Casualty Corp.,* 261 Conn. 620, 638, 804 A.2d 180 (2002). To recover for breach of the duty of good faith and fair dealing, the buyers had to "*allege* ... that the [sellers] engaged in conduct designe[d] to mislead or deceive or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties." (Emphasis in the original; internal quotation marks omitted.) *Hunte v. Amica Mutual Ins. Co.,* 68 Conn.App. 534, 344-45, 792 A.2d 132 (2002). The buyers have pleaded sufficient facts to support this cause of action. There exist questions of fact with respect to the sellers' conduct and if it was intended to deceive. Those questions of fact preclude the granting of summary judgment on count one.

As to the claim for negligent misrepresentation in count four, the buyers have alleged that the sellers in the disclosure report made affirmative misrepresentations in denying any knowledge of water and/or drainage problems on the property, that these misrepresentations were made negligently and carelessly when the sellers knew or should have known that the property had significant water drainage problems, and that the buyers closed on the property in reliance on these misrepresentations. As discussed *supra,* General Statutes § 20-327b does not support an action unless it is based on a seller's actual knowledge of a defect, but it does not preclude the common-law action of negligent misrepresentation. The basis of the buyer's allegations in the fourth count stem from the failure of the sellers to disclose the substantial water problems associated with the backyard when they knew or "should have known" of this condition.

"[Our Supreme Court] has long recognized liability for negligent misrepresentation. [It has] held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." (Internal quotation marks omitted.) *Citino v. Redevelopment Agency,* 51 Conn.App. 262, 273-74, 721 A.2d 1197 (1998). Allegations of negligent misrepresentation are governed by the principles set forth in § 552 of the Restatement Second of Torts (1979): "One who, in the course of his business, profession or employment ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information ... [T]he plaintiff need not prove that the representations made by the [defendant] were promissory. It is sufficient ... that the representations contained false information." (Citations omitted; internal quotation marks omitted.) *Id.,* at 273-74.

*6 Allegations such as misrepresentation and fraud present issues of fact. *Maturo v. Gerard,* 196 Conn. 584, 587, 494 A.2d 1199 (1985). Moreover, "[w]hether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact." (Internal quotation marks omitted.) *McClintock v. Rivard,* 219 Conn. 417, 427, 593 A.2d 1375 (1991). "It is ... well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions ... It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." (Citations omitted; internal quotation marks omitted.) *United Oil Co. v. Urban Redevelopment Commission,* 158 Conn. 364, 376, 260 A.2d 596 (1969). "Nevertheless, it remains incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined as a matter of law, that a genuine issue of material fact exists." (Internal quotation marks omitted.) *Miller v. Bourgoin,* 28 Conn.App. 491, 498, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992).

The buyers claim that the sellers knew of the



Not Reported in A.  
(Cite as: 2004 WL 615570, *6 (Conn.Super.))

Page 6

back yard water problems or should have known of them but failed to communicate this information to them, that the buyers justifiably relied on the information they received from the sellers, and that they were unable to inspect the property for any problems existing during extreme downpours because the rains were never torrential during the time period at issue. The buyers have established that genuine issues of material fact exist with respect to what the sellers knew or should have known to preclude the granting of summary judgment on count four.

For the foregoing reasons, the sellers' motion for summary judgment is denied as to all four counts.

2004 WL 615570 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

