# EXHIBIT F

Not Reported in F.Supp.2d  
2004 WL 877853 (D.Conn.)  
(Cite as: 2004 WL 877853 (D.Conn.))

Page 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

Gary ZIMMERMAN, Plaintiff,
v.
Gary COHEN, Defendant.

No. Civ.3:02 CV 0181 (AV.

April 23, 2004.

*RULING ON THE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

COVELLO, J.

\*1 This is an action for damages and equitable relief arising out of the defendant, Gary Cohen's representation of the plaintiff, Gary Zimmerman, in an action seeking a marital dissolution. The complaint alleges violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42-110(a), and common law tenets concerning legal malpractice, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, reckless misrepresentation, and negligent misrepresentation.

The defendant has filed the within motion for partial summary judgment pursuant to Fed.R.Civ.P. 56(b). He argues that he is entitled to judgment as a matter of law with respect to the state statutory claim under CUTPA, and the common law claims of intentional misrepresentation and reckless misrepresentation.

The issues presented are: (1) whether there is a genuine issue of material fact regarding the defendant's alleged intentional misrepresentation; (2) whether there is a genuine issue of material fact regarding the defendant's alleged reckless misrepresentation; and (3) whether the CUTPA cause of action must fail because the defendant's alleged conduct falls outside of the entrepreneurial aspect of the practice of law.

For the reasons that hereafter follow, the court concludes that: (1) the plaintiff fails to raise a genuine issue of material fact regarding the defendant's alleged intentional misrepresentation because the record lacks any evidentiary basis for the claim; (2) the plaintiff fails to adduce sufficient evidence to establish that there is a genuine issue of material fact regarding the defendant's alleged reckless misrepresentation; and (3) the plaintiff fails to adduce sufficient evidence to establish that the conduct at issue constitutes the basis for a CUTPA violation. Accordingly, the defendant's motion for summary judgment (document no. 26) is GRANTED.

*FACTS*

Examination of the complaint, pleadings, Local Rule 56(a) statements, and exhibits accompanying the motion for summary judgment, and the responses thereto, discloses the following undisputed, material facts. In August of 2000, the plaintiff, Gary Zimmerman, retained the defendant, attorney Gary Cohen, to represent his interests in a divorce proceeding against his wife, Joan Zimmerman (hereinafter Mrs. Zimmerman). Zimmerman paid Cohen an initial retainer fee of $20,000 pursuant to Cohen's retainer agreement. Cohen pursued an existing divorce action in the Connecticut superior court at the request of Zimmerman.

In May of 2001, Zimmerman paid Cohen an additional retainer fee of $25,000. Cohen requested this fee just prior to a scheduled mediation conference to be held in Chicago, IL. On May 21, 2001, Zimmerman, Cohen, Mrs. Zimmerman, and Mrs. Zimmerman's attorney met in Chicago for a week-long mediation in an attempt to reach a divorce settlement. From May 21, 2001 to May 25, 2001, Cohen represented Zimmerman at the mediation, providing legal services in connection with the negotiation and finalization.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
(Cite as: 2004 WL 877853, *1 (D.Conn.))

Page 2

*2 On May 24, 2001, in a letter from Cohen to Zimmerman (hereinafter the tax letter), Cohen states:

I want to confirm with you that prior to the completion of the drafting of our separation agreement I advised you that I am not providing tax advice in connection with the consequences of your transfer of real estate and cash assets to Joan Zimmerman as a part of the property settlement agreement.... I have requested that you obtain independent advice from a tax expert with respect to this issue. I make no representations, guarantees, promises or suggestions of any kind regarding the actual or potential adverse consequences to you ...

(Mem. of Law in Opp'n to Mot. for Summ. J., ex. C).

On May 25, 2001 Zimmerman and Mrs. Zimmerman signed a marital settlement agreement. [FNa] Zimmerman initialed each page of the marital settlement agreement and signed the last page before a notary public. The marital settlement agreement states that "both parties have entered into this Agreement without undue influence, coercion, misrepresentation, or for any other cause except as herein specified."

> FNa. Zimmerman claims that during the course of the mediation in Chicago, "Cohen demanded that the [p]laintiff pay him a $300,000 'bonus' in addition to approximately $150,000 of legal fees already paid ... upon the actual or implied thread of withdrawal or his representation ... Cohen said and implied, that he would divulge to opposing counsel certain information related to the divorce action in Connecticut which would be detrimental to Mr. Zimmerman's best interests ... Cohen also demanded that the Plaintiff pay his then wife's counsel a $300,000 'bonus' ... the Defendant designated the 'bonus' as a fee paid for 'tax advice'[.]" However, these claims are unsupported by any evidence in the record.

Section 5.2 of the marital settlement agreement requires the payment of $300,000 to the attorneys for both Zimmerman and Mrs. Zimmerman. Section 5.2 of the marital settlement agreement states:

Zimmerman Properties, Inc. shall pay to Gary Cohen and Grund & Starkopf, P.C. [the law firm representing Mrs. Zimmerman] the sum of $300,000 each for and as attorneys fees in connection with services rendered to Zimmerman Properties, Inc. with respect to tax planning, counseling and in matters relating to advice and consultation given to Zimmerman Properties, Inc. and to Husband and Wife in conjunction with the preservation and disposition of income producing properties.

Section 12.3 of the marital settlement agreement, however, states that: "the law [firm] of Gary I. Cohen ... [was] not expected to provide and, in fact, did not provide tax advice concerning this Agreement."

## STANDARD

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See *Bryant v. Maffacci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 112 S.Ct. 152 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Liberty Lobby, supra,* at 247-48 (emphasis original). The Supreme Court has noted that:

*3 Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex v. Catrett,* 477 U.S. 317, 327 (1986).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims ... [and] it should be interpreted in a way that allows it to accomplish this purpose." *Celotex v. Catrett,* 477 U.S. 317, 323-324 (1986).

## DISCUSSION

### 1. *Intentional Misrepresentation*

Count four of the complaint alleges that Cohen intentionally misrepresented certain information to Zimmerman in his marital dissolution proceeding. Specifically, Zimmerman contends that "various statements and representations [made by Cohen] were factually untrue, and were designed to benefit [Cohen], and not the client [Zimmerman] .... [and] this deliberate conveyance of untrue information by [Cohen] to [Zimmerman] constitutes [the basis for a cause of action for] intentional misrepresentation."

Cohen now moves for summary judgment on the claim, arguing that a cause of action for intentional misrepresentation is not stated because the record lacks evidence of fraud. Specifically, Cohen maintains that, because Zimmerman executed an agreement stating that he was not subject to "undue influence, coercion, [or] misrepresentation" when he agreed, among other things, to pay $300,000 to Cohen, he cannot prove a cause of action for intentional misrepresentation.

In response, Zimmerman contends that he has "adequately pled and supported a claim for intentional and reckless misrepresentation."

The elements of a claim of intentional misrepresentation are:
1) that a false representation was made as a statement of fact, 2) that it was untrue and known to be untrue by the party making it, 3) that it was made to induce the other party to act, and 4) that the latter did so act to its injury."
*Wesconn Co. v. ACMAT Corp.,* No. CV990594760S, 2001 WL 438711, at *3 (Conn.Super. Ct. April 11, 2001) (citing *Miller v. Appleby,* 183 Conn. 51, 54-55, 438 A.2d 811 (1981)). The elements of intentional misrepresentation are virtually identical to the elements of an action for common law fraud. *See Suffield Dev. Assocs. Ltd. Partnership v. Nat'l Loan Investors,* 260 Conn. 766, 777 (2002) (stating the identical four elements of an action in common law fraud).

Here, Zimmerman asserts that Cohen made factually untrue representations to Zimmerman, which were "designed to benefit [Cohen], and not the client [Zimmerman]." The complaint identifies these statements as follows:
that the jurisdictional basis for the Connecticut divorce action was flawed, and that [Cohen] would disclose [this] fact to opposing counsel, ... that if another attorney appeared for [Zimmerman], [Cohen] would cause the mediation to fail; and the statement that the $300,000 "bonus" can be treated as "tax advice" and be deductible to the Plaintiff.

*4 Assuming that the assertions set forth above constitute false statements, the record before the court contains no evidentiary support for the allegations—no even an affidavit. As stated by the Supreme Court in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1985):
a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.... [T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.
*Id.* at 256-57. Consequently, the court agrees with Cohen that the plaintiff fails to raise a genuine issue of material fact with respect to the claim of intentional misrepresentation. The defendant is therefore entitled to judgment as a matter of law on this claim.

### 2. *Reckless Misrepresentation*

Count five of the complaint alleges that Cohen recklessly misrepresented information to Zimmerman in his marital dissolution proceeding. Specifically, the complaint alleges that Cohen made certain statements to

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d  
(Cite as: 2004 WL 877853, *4 (D.Conn.))

Page 4

Zimmerman that "were untrue and were designed to mislead ... [and][t]he [d]efendant [Cohen] ... should have known the falsity of his representations and acted in reckless disregard in making the representations."

Cohen moves for summary judgment on the claim, arguing that a cause of action for reckless misrepresentation is not stated because such a claim "involves highly unreasonable conduct." Cohen argues that such conduct cannot exist here because Zimmerman "expressly averred in the Marital Settlement Agreement that he had not been subject to undue influence or misrepresentations."

In response, Zimmerman contends that he has "adequately pled and supported a claim for intentional and reckless misrepresentation."

The complaint alleges behavior that represents a significant departure from the normal conduct of an attorney. Zimmerman alleges that Cohen "acted in reckless disregard in making [false] representations." Such false representations by Cohen allegedly include:
> that the jurisdictional basis for the Connecticut divorce action was flawed, and that [Cohen] would disclose the fact to opposing counsel, ... that if another attorney appeared for [Zimmerman], [Cohen] would cause the mediation to fail; and the statement that the $300,000 "bonus" can be treated as "tax advice" and be deductible to the Plaintiff.

However, to oppose a motion for summary judgment, Zimmerman must present more than allegations. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1985) ("a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial").

Here, Zimmerman again fails to set forth any evidence to support Cohen's alleged conduct. Therefore, Cohen's motion for summary judgment with respect to the claim of reckless misrepresentation is granted.

3. *Connecticut Unfair Trade Practices Act (CUTPA)*

*5 Cohen next argues that he is entitled to summary judgment regarding Zimmerman's CUTPA claim because "as a matter of law, professional negligence does not constitute a violation of CUTPA." Specifically, Cohen contends that Zimmerman's "recharacterization of the defendant's allegedly substandard representation as "deceptive," "unfair" and "commercial" does not transform the defendant's conduct into a violation of CUTPA." Cohen argues that Zimmerman's CUTPA claim "relies on facts imported directly from his professional negligence claim and, as such, is concerned chiefly with the defendant's competence and strategy, not with the entrepreneurial aspects of the practice of law."

Zimmerman responds that "the allegations of the [p]laintiff's complaint fall squarely within the entrepreneurial exception." Specifically, Zimmerman contends that "[t]he claims made by the [p]laintiff, at least in part, relate to the [d]efendants' billing practices, fees, retainer agreement and the solicitation of a fee for services he acknowledged were not provided.... [Such conduct] deals with the business relationship between the client and attorney ."

Connecticut's Unfair Trade Practice Act, Conn. Gen.Stat. § 42-110b(a) states: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." CUTPA applies to the conduct of attorneys. *Heslin v. Conn. Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 521, 461 A.2d 938 (1983). The Connecticut supreme court stated:
> [W]e have declined to hold that every provision of CUTPA permits regulation of every aspect of the practice of law.... We have stated, instead, that, only the entrepreneurial aspects of the practice of law are covered by CUTPA.... [W]e conclude that professional negligence--that is, malpractice--does not fall under CUTPA.
> (citations omitted; internal quotation marks

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



omitted.) *Suffield Dev. Assocs. Ltd. Partnership v. Nat'l Loan Investors,* 260 Conn. 766, 781 (2002). "[T]he most significant question in considering a CUTPA claim against an attorney is whether the allegedly improper conduct is part of the attorney's professional representation of a client or is part of the entrepreneurial aspect of practicing law." *Suffield Dev. Assocs. Ltd. Partnership v. Nat'l Loan Investors,* 260 Conn. 766, 781 (2002). "The 'entrepreneurial' exception is ... a specific exception from CUTPA immunity for a well-defined set of activities, [including] advertising and bill collection." *Id.* at 782.

In the present action, many of Zimmerman's allegations of improper conduct deal with Cohen's professional representation of Zimmerman and are thus not actionable under CUTPA. For example, the complaint alleges that Cohen:
> failed to secure for the Plaintiff in his divorce any one of the family homes despite at least one of the four homes being available to the Plaintiff at the beginning of negotiations[.]

**\*6** However, at least one act of improper conduct alleged by Zimmerman falls within the entrepreneurial exception. Specifically, the complaint alleges that Cohen "designated the 'bonus' as a fee paid for 'tax advice' [after Cohen] notified [Zimmerman] in writing that no such advice was being given." Such a bonus deals with the entrepreneurial portion of the practice of law subject to CUTPA. Nonetheless, Zimmerman once again fails to provide any evidentiary support for the allegations (such as through affidavits, declarations, or deposition transcripts). Thus, Cohen's motion for summary judgment with respect to the CUTPA claim is granted.

## CONCLUSION

For the foregoing reasons, the defendant's motion for partial summary judgment (document no. 26) is GRANTED.

It is so ordered

2004 WL 877853 (D.Conn.)

Motions, Pleadings and Filings (Back to top)

. 3:02CV00181 (Docket) (Jan. 30, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

