UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | : CIVIL ACTION NO.: 302CV408AWT |
| Plaintiff, | : |
| v. | : |
| TIG INSURANCE COMPANY, | : NOVEMBER 10, 2004 |
| Defendant | : |

**LOCAL RULE 56(a)1 STATEMENT**

1.  In 1989, The Weitz Company ("Weitz") entered into a contract with Shoreline Care Limited Partnership ("Shoreline Care"), agreeing to provide general contractor services in connection with the construction of a continuing care retirement community known as Evergreen Woods. Weitz subcontracted certain HVAC and plumbing work to Janazzo Heating & Air Conditioning ("Janazzo"). See Travelers Complaint ¶¶ 7-8, dated March 14, 2002, in this action ("Complaint"), annexed hereto as Exhibit "A."

2.  From September 1, 1992 through September 1, 1995, Aetna Casualty & Surety Company of America ("Aetna") provided general liability and other insurance coverage to Janazzo, the subcontractor hired by Weitz to perform the HVAC work on the construction project, under Policy Nos. 007 XC 22549565; 007 ACM 23584577; and 007 ACM 24387637 ("Travelers

Policies"). Copies of Travelers Policies are annexed hereto as Exhibit "B;" for convenience, these policies are bound separately.

3. Travelers is the successor-in-interest to all of Aetna's rights and obligations under the Aetna Policies. Complaint at ¶ 14, annexed hereto as Exhibit "A."

4. Weitz was an "additional insured" on each of the three Travelers Policies. Complaint ¶13, annexed hereto as Exhibit "A."

5. TIG issued a policy to Janazzo for the period September 1, 1991 to September 1, 1992, bearing Policy No. 30790261. The TIG policy is annexed hereto as Exhibit "C;" for convenience, these policies are bound separately.

6. TIG never issued a policy of insurance to Weitz. See Stipulation to Modify Case Scheduling and Pre-trial Deadlines dated September 17, 2004, §IV Statement of Undisputed Facts, ¶ 10, annexed hereto as Exhibit "D."

7. In 1994, Shoreline Care brought an action entitled <u>Shoreline Care Limited Partnership v. Rogan & Jansen, et al.</u> (the "Shoreline Action") in the Connecticut Superior Court for the District of New Haven, Docket No. CV-94-0368715S alleging that certain aspects of the work were negligently designed and constructed. Complaint ¶ 15, annexed hereto as Exhibit "A."

8. In 1996, Shoreline Care filed a Third Amended Complaint to add Weitz as a defendant in Shoreline Action. Complaint ¶ 16, annexed hereto as Exhibit "A."

9. Since Weitz was an additional insured on the Travelers Policies, by no later than August 8, 1996, Travelers determined that it had a duty under those policies to defend Weitz in the Shoreline Action, advised Weitz that it would provide a defense, and hired Milano & Wanat to defend Weitz. Complaint ¶ 17, annexed hereto as Exhibit "A," and letter dated August 8, 1996,

annexed hereto as Exhibit "E."

10. TIG had initially determined that the TIG policy issued to Janazzo afforded no coverage for Weitz as an additional insured in connection with the claims asserted against Weitz in the Shoreline Action and advised Weitz of that position. Letter dated December 28, 1995 annexed hereto as Exhibit "F."

12. Subsequently, after Weitz had been named as a defendant in the Third Amended Complaint in the Shoreline Action, coverage counsel for TIG, by letter dated September 6, 1996, advised Weitz that, under a reservation of rights, TIG would provide a defense under the TIG policy for the claims against Weitz in the Shoreline Action. TIG offered to share in defense costs for Weitz on an "equitable basis" with the other insurers. Letter dated September 6, 1996, annexed hereto as Exhibit "G."

13. TIG's September 6, 1996 letter explicitly reserved the right to withdraw from the defense :

> TIG's agreement to extend a defense to Weitz is subject to a full reservation of rights, however. That is, TIG continues to reserve its right to withdraw from Weitz's defense . . . should it be established that Shoreline's claim does not fall within the TIG coverage.

Exhibit "G", at 1.

14. The September 6, 1996 letter setting forth TIG's coverage position was faxed to coverage counsel for Travelers, the firm of Cooney, Scully & Dowling, at that time. Fax sheet and letter, both dated September 6, 1996, annexed hereto as Exhibit "H."

15. Subsequently, after further review of the coverage issues in the Shoreline Action by its new coverage counsel, by letter dated April 6, 2001 from its coverage counsel, TIG advised Weitz

and Travelers that TIG had no obligations to Weitz under the TIG policy or to participate in paying for Weitz's defense. Letter dated April 6, 2001, annexed hereto as Exhibit "I." TIG's position was reiterated in subsequent correspondence with Weitz and/or Travelers. Letters dated July 26, 2001, and December 18, 2001; collectively annexed hereto as Exhibit "J."

16. On November 21, 2002, after a bench trial, the Court it is the Shoreline Action dismissed the claims against Weitz. See Memorandum of Decision, annexed hereto as Exhibit "K."

Dated: November 9, 2004

Respectfully submitted,

FOR THE DEFENDANT
TIG INSURANCE COMPANY,

By _____
Louis G. Corsi (ct 26157)
LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway - 27th Floor
New York, New York 10271-0079
Tel (212) 238-4800
Fax (212) 238-4848
E-Mail: lcorsi@LCBF.com