# EXHIBIT E

The Travelers Indemnity Company
The Aetna Casualty and Surety Company
Members of *TravelersGroup*]

One Civic Center Plaza, P.O. Box 2954, Hartford, Connecticut 06143-2954
Tel. No. 1-800-680-1858   Fax: 860-240-6760

August 8, 1996

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

David S. Strutt, Esq.
CFO/General Counsel of
*The Weitz Company, Inc.*
800 Second Avenue
Des Moines, Iowa 50309

Re:  Shoreline Care Ltd. Partnership v. The Weitz Company
Our Insured:  Janazzo Heating & Air Conditioning
Policy No. 07 CO 22549565

Dear Mr. Strutt:

We have carefully reviewed the allegations in the Third Amended Complaint filed against the Weitz Company ("Weitz") and the terms of the Aetna CGL and excess policies which cover Weitz as an additional insured for the period September 1, 1992 – September 1, 1995. For all of the reasons set forth in this letter, the company agrees to provide a defense for Weitz against the claims in that complaint. Because one or more of the claims in this action may not be within the coverage of the policies, however, this agreement to provide a defense is  subject to a full reservation of all of the company's rights as more fully set forth below.

*I.   Background*

The litigation arises out of the Evergreen Woods construction project. The Third Amended Complaint identifies Weitz as the project's general contractor and Jansen & Rogan Consulting Engineers ("Jansen & Rogan") as the project engineer responsible for the design of the HVAC system.

The plaintiff alleges that Janson & Rogan designed an improper and inadequate  HVAC system, and that Weitz constructed the HVAC system, as designed, despite the system's apparent deficiencies. Complaint, Counts I, 7. The plaintiff looks to Weitz to recover the cost of repairing and replacing the HVAC system, damage to reputation and loss of income, increased operating costs, legal expenses, and other miscellaneous costs. Complaint, Count 7, par. 34.

TRAV 0016

David S. Strutt, Esq.
Page 2

*II.   Commercial General Liability Coverage Form - Contractors Policy*

Weitz is an additional insured under Aetna CGL policies issued to Janazzo Heating & Air Conditioning ("Janazzo") as "named insured" for the periods September 1, 1992 - September 1, 1993., September 1, 1993 - September 1, 1994, and September 1, 1994 - September 1, 1995. The policies contain the following pertinent language:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

## SECTION I – COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   **Insuring Agreement**

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

    b.   This insurance applies to "bodily injury" or "property damage" only if:

        (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

        (2)   The "bodily injury" or "property damage" occurs during the policy period.

2.   **Exclusions**

This insurance does not apply to:

    h.   "Property damage" to:

        (6)   That particular part of any property:  (a) on which you or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;  or (b) that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6)(b) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

TRAV 0017

David S. Strutt, Esq.
Page 3

    I.    "Property damage" to "your product" arising out of it or any part of it.

    j.    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

    k.    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

        (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

        (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    l.    Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

        (1)    "Your product;"

        (2)    "Your work;" or

        (3)    "Impaired property;"

    if such product, work or impaired property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## SECTION II - WHO IS AN INSURED

    1.    If you are designated in the Declarations as:

        c.    An organization other than a partnership or joint venture, you are an insured. . . .

    An endorsement entitled "ADDITIONAL INSURED -- OWNERS, LESSEES OR CONTRACTORS (FORM B)" amends the definition of "WHO IS AN INSURED" to include "the person or organization shown in the Schedule, but only with respect to liability arising out of 'your work' for that insured by or for you."

    The SECTION IV -- COMMERCIAL GENERAL LIABILITY CONDITIONS require the named insured to notify Aetna or an authorized agent as soon as practicable of an occurrence or offense which may result in a claim, and to provide prompt notice of any claims. The conditions also require the named insured and any insured to immediately forward claim and suit papers to Aetna.

TRAV 0018

David S. Strutt, Esq.
Page 4

The SECTION V - DEFINITIONS provide the following terms and definitions:

3. "Bodily injury" means "bodily injury, shock, fright, mental injury, disability, mental anguish, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time."

5. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

 a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

 b. You have failed to fulfill the terms of a contract or agreement.

if such property can be restored to use by:

 a. The repair, replacement, adjustment or removal of "your product" or "your work;" or

 b. Your fulfilling the terms of the contract or agreement.

8. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

 10. a. "Products-completed operations hazard" includes all " bodily injury" or "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

  (1) Products that are still in your physical possession; or

  (2) Work that has not yet been completed or abandoned.

 b. "Your work" will be deemed completed at the earliest of the following times:

  (1) When all of the work called for in your contract has been completed;

  (2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

  (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

TRAV 0019

David S. Strutt, Esq.
Page 5

> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
>
> c.    This hazard does not include "bodily injury" or "property damage" arising out of:
>
> > (1)    The transportation of property . . . .;
> >
> > (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or
> >
> > (3)    Products or operations for which the classification in this Coverage Part or in our manual of rules includes products or completed operations.

11.    "Property damage" means:

> a.    Physical injury to tangible property, including all resulting loss of use of that property . . .; or
>
> b.    Loss of use of tangible property that is not physically injured. . . .

13.    "Your product" means:

> a.    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by . . . You . . . .

14.    "Your work" means:

> a.    Work or operations performed by you or on your behalf; and
>
> b.    Materials, parts or equipment furnished in connection with such work or operations. . . .

*III. Commercial Excess Liability (Umbrella) Insurance Policy*

During the same three-year period (that is, from September 1, 1992 to September 1, 1995), Janazzo was a "named insured" under Aetna excess policies. These policies contain the following pertinent language:

> Throughout this insurance the words "you" and "your" refer to the Named Insured shown in the Declarations.

David S. Strutt, Esq.
Page 6

## SECTION I – COVERAGES

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; and COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY.**

1.    INSURING AGREEMENT

    a.    We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies. This insurance applies only to:

        (1)    The "bodily injury" or "property damage:"

            (a)    Occurring during the policy period; and

            (b)    Caused by an "occurrence . . . ."

        (2)    The "bodily injury" or "property damage" occurs during the policy period.

    c.    "Property damage" that is loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the "occurrence" that caused it.

2.    DEFENSE OF CLAIMS OR SUITS

    a.    We will have no duty to defend any claim or "suit" that any other insurer has a duty to defend. If we elect to join in the defense of such claims or "suits," we will pay all expenses we incur.

    b.    We will have the right and duty to defend any "suit" for damages which are payable under Coverages A or B . . . but which are not payable by a policy of "underlying insurance," or any other available insurance, because:

        (1)    Such damages are not covered; or

        (2)    The "underlying insurance" has been exhausted by the payment of claims.

    c.    We may investigate and settle any claim or "suit" in b. above at our discretion.

TRAV 0021

David S. Strutt, Esq.
Page 7

3.     EXCLUSIONS

This insurance does not apply to:

k.     "Property damage" to "your product" arising out of it or any part of it.

l.     "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

m.     "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

     (1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

     (2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.     Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

     (1)     "Your product;"

     (2)     "Your work;" or

     (3)     "Impaired property;"

if such product, work or impaired property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## SECTION II - WHO IS AN INSURED

1.     If you are designated in the Declarations as:

c.     An organization other than a partnership or joint venture, you are an insured.

TRAV 0022

David S. Strutt, Esq.
Page 8

2.      Each of the following is also an insured:

h.      Any other person or organization insured under any policy or the "underlying insurance." This grant is subject to all the limitations upon coverage under such policy other than the limits of the "underlying insurers" policy.

The **SECTION IV - CONDITIONS** require the named  insured to notify Aetna or an authorized agent  as soon as practicable of an  occurrence  or offense which may result in a claim, and to provide prompt notice of any claims. The conditions also require the insured to cooperate with the underlying insurers, to comply with all terms of underlying insurance, and to pursue rights of contribution and indemnification against other parties who may be liable.

The **SECTION V - DEFINITIONS** provide the following terms and definitions:

6.      "Bodily injury" means bodily injury, shock, fright, mental injury, disability, mental anguish, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time.

7.      "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

a.      It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.      You have failed to fulfill the terms of a contract or agreement.

if such property can be restored to use by:

a.      The repair, replacement, adjustment or removal of "your product" or "your work;" or

b.      Your fulfilling the terms of the contract or agreement.

8.      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

11.     a.      "Products-completed operations hazard" includes all "bodily injury" or "property damage"  occurring away from premises you own or rent and arising out of "your product" or "your work"  except:

(1)     Products that are still in your physical possession; or

(2)     Work that has not yet been completed or abandoned.

TRAV 0023

David S. Strutt, Esq.
Page 9

    b.    "Your work" will be deemed completed at the earliest of the following times:

        (1)    When all of the work called for in your contract has been completed;

        (2)    When all of the work to be done at the site has been completed if your contract calls for work at more than one site;  or

        (3)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

            Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

12.    "Property damage" means physical injury to tangible property, including all resulting loss of use of that property.

18.    "Your product" means:

    a.    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by . . . You . . . .

19.    "Your work" means:

    a.    Work or operations performed by you or on your behalf; and

    b.    Materials, parts or equipment furnished in connection with such work or operations. . . .

## IV. Grounds For Reservation

At this point, we cannot determine what the evidence in the case will show. If the plaintiff is successful, some or all of the claims against Weitz may not fall within the coverage of the Aetna CGL and/or the Aetna excess policies. For that reason, Aetna is reserving all of its rights under the policies to deny coverage at this time. This reservation of rights is based upon the following considerations:

    (1)    Weitz's liability may result entirely from Weitz's own work on the project, and may not stem from Janazzo's work for Weitz. If that is the case, the claims against Weitz would fall outside the coverage afforded to Weitz as an additional insured under both the CGL and the excess policies. *See* "Additional Insured" endorsement; *see also* definition of "insured" under excess policy.

TRAV 0024

David S. Strutt, Esq.
Page 10

    (2)     The damages alleged in this case may not have been the result of an "occurrence," that is, an "accident." If that is the case, such claims would fall outside the coverage afforded under both the CGL and the excess policies. *See* CGL policy, Insuring Agreement and definition of "occurrence;" *and see* excess policy, Insuring Agreement and definition of "occurrence."

    (3)     The damages alleged in this case may not have occurred within the policy periods. If that is shown, the claims would fall outside the coverage afforded under both the CGL and the excess policies. *See* CGL policy, Insuring Agreement; *and see* excess policy, Insuring Agreement.

    (4)     The damages alleged in this case may not be "damages because of 'bodily injury,'" that is, "bodily injury, shock, fright, mental injury, disability, mental anguish, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time." If that is shown, the claims would fall outside the coverage afforded under both the CGL and the excess policies. *See* CGL policy, Insuring Agreement and definition of "bodily injury;" *and see* excess policy, Insuring Agreement and definition of "bodily injury."

    (5)     The damages alleged in this case may not be "damages because of 'property damage,'" that is, physical injury to tangible property or loss of use of tangible property that is not physically injured. If that is shown, the claims would fall outside the coverage afforded under the CGL policies. *See* CGL policy, Insuring Agreement and definition of "property damage. In addition, the damages alleged in this case may not be damages because of "property damage" within the meaning of the excess policies, that is, physical injury to tangible property. If that is shown, the claims would potentially fall outside the coverage afforded under the excess policies. *See* excess policy, Insuring Agreement and definition of "property damage.

    (6)     Any "property damage" proven in this case may have been to property on which Janazzo or a subcontractor were performing operations where the damage arises from those operations. If that is shown, the claims would potentially be excluded from coverage under the CGL policies. *See* CGL policy, exclusion "h."

    (7)     Any "property damage" proven in this case may have been to property on which Janazzo or a subcontractor were performing operations which requires restoration, repair or replacement due to the incorrect work of Janazzo. If that is shown, the claims would potentially be excluded from coverage under the CGL policies. *See* CGL policy, exclusion "h."

    (8)     Any "property damage" proven in this case may have been damage to Janazzo's "product" arising out of that product. If that is shown, the claims would potentially be excluded from coverage under both the CGL and excess policies. *See* CGL policy, exclusion "I;" *and see* excess policy, exclusion "k."

TRAV 0025

David S. Strutt, Esq.
Page 11

(9)     Any "property damage" proven in this case may have been damage to Janazzo's
completed "work" arising out of that work. If that is shown, the claims would
potentially be excluded from coverage under both the CGL and excess policies. *See*
CGL policy, exclusion "j;" *and see* excess policy, exclusion "l."

(10)    Any "property damage" proven in this case may have been damage to "impaired
property," that is, property that has not been physically injured, arising out of a
defect, deficiency, inadequacy or dangerous condition in Janazzo's product or work.
If that is shown, the claims would potentially be excluded from coverage under both
the CGL and excess policies. *See* CGL policy, exclusion "k;" *and see* excess policy,
exclusion "m."

(11)    Any "property damage" proven in this case may have been damage to "impaired
property," that is, property that has not been physically injured, arising out of a delay
or failure by Janazzo, or someone acting on Janazzo's behalf, to perform a contract or
agreement. If that is shown, the claims would potentially be excluded from coverage
under both the CGL and excess policies. *See* CGL policy, exclusion "k;" *and see*
excess policy, exclusion "m."

(12)    Any "property damage" proven in this case may have been damage claimed for a loss,
cost or expense incurred for the loss of use, withdrawal, recall, inspection, repair,
replacement, adjustment, removal or disposal of Janazzo's product or work which
was withdrawn from use due to a known or suspected defect, deficiency, inadequacy
or dangerous condition. If that is shown, the claims would potentially be excluded
from coverage under both the CGL and excess policies. *See* CGL policy, exclusion
"k;" *and see* excess policy, exclusion "m."

(13)    Any "property damage" proven in this case may have been damage claimed for a loss,
cost or expense incurred by Janazzo or others for the loss of use, withdrawal, recall,
inspection, repair, replacement, adjustment, removal or disposal of impaired property
that has been withdrawn from use by any person or organization due to a known or
suspected defect, deficiency, inadequacy or dangerous condition. If that is shown, the
claims would potentially be excluded from coverage under both the CGL and excess
policies. *See* CGL policy, exclusion "k;" *and see* excess policy, exclusion "m."

(14)    Weitz may have failed to immediately forward to Aetna all suit papers generated in
connection with the earlier arbitration and the present lawsuit. If that failure is shown
and the company was prejudiced thereby, then Weitz may be deemed to have forfeited
its right to coverage under both the CGL and excess policies. *See* CGL policy,
Section IV conditions; *and see* excess policy, Section IV conditions.

In addition to the foregoing, the company reserves the right to obtain reimbursement from
Weitz for all costs allocable to the defense of claims that are not within the coverage of the
policies.

David S. Strutt, Esq.
Page 12

Please note that this letter does not constitute a denial of coverage or an abridgment of your rights under the terms and conditions of the Aetna policies. Moreover, this letter, and Aetna's decision to defend you, should not be viewed as an admission of liability or an admission of coverage under the policies, or as a waiver of any term or condition in the policies. Finally, Aetna expressly reserves the right to modify or amend its coverage position and to assert defenses based upon any of the provisions in the policies, whether or not those provisions are specifically mentioned in this letter.

We have retained the law firm of Milano & Wanat, 379 Saw Mill Road, P. O. Box 505, West Haven, CT 06516 (203) 937-7543 to represent you in connection with the defense of the above-captioned lawsuit. Please extend your full cooperation to this firm in the defense of this action. You should hear shortly from the attorney assigned to handle this matter.

If there are any questions regarding Aetna's position on this matter, please give me a call.

Sincerely yours,

Gerry Zwick
Claim Representative
Travelers/Aetna Property Casualty Corp.
(860) 240-6630

TRAV 0027