# EXHIBIT H

# MORRISON, MAHONEY & MILLER
COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500
FACSIMILE 617-439-7590

MASSACHUSETTS
Boston
Raynham
Springfield
Worcester
Yarmouth Port

RHODE ISLAND
Providence

CONNECTICUT
Hartford

MICHIGAN
Grand Rapids
Southfield

CALIFORNIA
San Francisco

NEW YORK
New York

ENGLAND
London

## Facsimile Transmission Cover Sheet

Date: September 6, 1996

Our File No.: L13665

To: Eugene A. Cooney

At: Cooney, Scully & Dowling

Telecopier: 203-247-5215

From: Mark P. Bailey

Total pages being sent (including this cover sheet): 5

*If you do not receive all pages, please call the sender's direct dial number, 617-737-8813.*

Remarks

This material is intended for the person(s) to whom it is addressed, and may contain information that is privileged, confidential and protected by law from discovery or other disclosure. If you are not the intended recipient (or a person responsible for delivering this material to the intended recipient) please be advised that any dissemination, distribution, copying or other use of this material is prohibited. If this material has been sent to you in error, please call the sender (collect, if you wish) so that we may arrange for the return to us of this material. Thank you for your cooperation.

TRAV 0031

# MORRISON, MAHONEY & MILLER
COUNSELLORS AT LAW

Mark P. Bailey
617-737-8813

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500
FACSIMILE 617-439-7590

MASSACHUSETTS
Boston
Raynham
Springfield
Worcester
Yarmouth Port

RHODE ISLAND
Providence

CONNECTICUT
Hartford

MICHIGAN
Grand Rapids
Southfield

CALIFORNIA
San Francisco

NEW YORK
New York

ENGLAND
London

September 6, 1996

David S. Strutt
CFO/General Counsel
The Weitz Company, Inc.
800 Second Avenue
Des Moines, Iowa 50309

Re:   Shoreline Care Limited Partnership
Vs:   The Weitz Company, Inc.
      Our File: L13665

Dear Mr. Strutt:

The TIG Insurance Company is agreeable to defending The Weitz Company in connection with the lawsuit against Weitz by Shoreline Care Limited Partnership presently pending in Connecticut -- Shoreline's so-called Phase I claim. TIG's agreement to extend a defense to Weitz is subject to a full reservation of rights, however. That is, TIG continues to reserve its rights to withdraw from Weitz's defense, and to refuse to indemnify Weitz for all or any part of damages that may be assessed against Weitz in the lawsuit, should it be established that Shoreline's claim does not fall within the TIG coverage.

TIG is agreeable to defending Weitz because Shoreline's Third Amended Complaint includes allegations that Weitz's acts, errors or omissions in connection with the Evergreen Woods project resulted in the freezing of several heaters which had to be replaced; the malfunctioning of elevator equipment due to cold temperatures; sprinkler freeze-ups and failures requiring drywall and wall covering repair and replacement due to inadequate heating and cooling. As has been discussed previously in correspondence and in person, TIG agreed under its policy to "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." The term "property damage" is defined, in pertinent part, as "[p]hysical injury to tangible property, including all resulting loss of use of that property ..." or "[l]oss of use of tangible property that is not physically injured...." Although Shoreline's Third Amended Complaint does not set forth a claim for "loss of use of tangible property that is not physically injured," the allegations cited above would appear to

TRAV 0032

MORRISON, MAHONEY & MILLER

David S. Strutt
September 6, 1996
Page 2

constitute a claim for "physical injury to tangible property," and thus set forth a claim for "property damage" under the TIG policy.

TIG reserves its rights to withdraw from Weitz's defense or to decline to indemnify Weitz for all or any part of any damages that may be assessed against Weitz in the Shoreline action because the Shoreline claim, despite what has been alleged in the Third Amended Complaint, may not, in fact, fall within the TIG coverage. To the extent that the Shoreline claim is not for "property damage" as that term is defined in the policy, TIG will have no coverage obligation. Even if the Shoreline claim, in part, is for "property damage" as that term is defined, TIG will have no coverage obligation to the extent any such "property damage" did not occur while the TIG policy was in effect.

There also may be no coverage for the Shoreline lawsuit under the TIG policy due to the operation of several policy exclusions. Exclusion (j)(5) precludes coverage for property damage to:

> [t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the property damage arises out of those operations.

Exclusion (j)(6) precludes coverage for property damage to:

> [t]hat particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it [except for property damage included in the products-completed operations hazard].

Exclusion (k) provides that the policy will not apply to:

> [p]roperty damage to your product arising out of it or any part of it.

Exclusion (l) precludes coverage for:

> [p]roperty damage to your work arising out of it or any part of it and included in the products-completed operations hazard [except for damaged work performed on your behalf by a subcontractor].

TRAV 0033

MORRISON, MAHONEY & MILLER

David S. Strutt
September 6, 1996
Page 3

Exclusion (m) provides that the insurance does not apply to:

> Property damage to impaired property or property that has not been physically injured arising out of:
>
> (a) A defect, deficiency, inadequacy or dangerous condition in "your project" or "your work;" or
>
> (b) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

TIG also reserves its rights to withdraw from Weitz's defense or to decline to indemnify Weitz for any damages that may be assessed against Weitz, if it is determined that Weitz was not included as an insured under the TIG policy and that the indemnification provisions contained in the contract between Weitz and Janazzo Heating and Air Conditioning, Inc. do not require Janazzo to indemnify Weitz in connection with the Shoreline lawsuit.

Concerning Shoreline's so-called Phase II claim, which was the subject of a recently completed arbitration, TIG continues to believe that it has no coverage obligation. Shoreline's Phase II claim does not constitute a claim for "property damage" as that term is defined by the policy as it involved neither physical injury to tangible property nor loss of use of tangible property that has not been physically injured. Even if Phase II involved a claim for "property damage" as defined by the TIG policy, any such "property damage" may not have occurred while the TIG policy was in effect. In addition, we believe that the policy exclusions set forth above may operate to preclude coverage. Questions also exist as to whether Weitz was added as an insured under the TIG policy involved and whether Shoreline's claim triggered an obligation on the part of Janazzo to indemnify Weitz pursuant to the contract between Weitz and Janazzo.

We also alert you to the fact that TIG did not receive notice of Shoreline's Phase II claim until May, 1995 after much of the arbitration proceeding had already taken place. TIG would not be responsible for defense costs incurred by Weitz in connection with the Phase II claim before TIG received notice of the claim.

Nothing contained in this letter nor any act or acts of the TIG Insurance Company, nor of its officers, employees, agents or attorneys should be construed as a waiver or relinquishment of any right available to TIG under its policy or under applicable law. Among the rights reserved

TRAV 0034

MORRISON, MAHONEY & MILLER

David S. Strutt
September 6, 1996
Page 4

by TIG is the right to disclaim or limit coverage for reasons not set forth in this letter whether those reasons are presently known or knowable.

With respect the Shoreline lawsuit which TIG has agreed to defend subject to a reservation of rights, one or more of the other carriers which insured Weitz during the relevant periods may also agree to defend Weitz. If so, TIG anticipates working with those insurers to coordinate Weitz's defense. Such coordination may include an agreement to share the costs of Weitz's defense in some equitable manner and to select counsel to defend Weitz in the lawsuit.

Should you have questions or comments concerning any aspect of this matter, do not hesitate to contact me.

Sincerely,

MORRISON, MAHONEY & MILLER

Mark P. Bailey

MPB:aj
enclosure

cc: F. Lee Yeager

TRAV 0035