UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | : | CIVIL ACTION NO.: 302CV408AWT |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TIG INSURANCE COMPANY, | : | DECEMBER 1, 2004 |
| | : | |
| Defendant | : | |

## TIG'S STATEMENT PURSUANT TO LOCAL RULE 56(a)2 IN OPPOSITION TO PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT

Defendant, TIG Insurance Company (TIG) submits this Opposition to Plaintiff's Local Rule 56(a)1 Statement of Material Facts Not In Dispute, dated November 10, 2004 and states the following:

1. TIG does not dispute this statement and refers the Court to TIG's Answer at ¶ 1.

2. TIG does not dispute this statement and refers the Court to TIG's Answer at ¶ 2.

3. TIG does not dispute this statement and refers the Court to TIG's Answer at ¶¶ 3-4.

4. TIG does not dispute this statement and refers the Court to TIG's Local Rule 56(a)1 Statement at ¶ 5 ("TIG Rule 56 Statement").

383065.1 DocsNY

5. TIG does not dispute this statement and refers the Court to TIG's Answer at ¶ 15.

6. TIG does not dispute this statement and refers the Court to TIG Rule 56 Statement at ¶ 8.

7. TIG does not dispute this statement and refers the Court to TIG Rule 56 Statement at ¶ 2.

8. TIG does not dispute this statement and refers the Court to TIG Rule 56 Statement at ¶ 4.

9. TIG does not dispute this statement and refers the Court to TIG Rule 56 Statement at ¶ 3.

10. TIG objects to this statement and more accurately states that no later than August 8, 1996, Travelers determined that it had a duty under its policies to defend the Weitz Co. ("Weitz") in the Shoreline Action, advised Weitz that it would provide a defense, and hired Milano & Wanat to defend Weitz. See TIG Rule 56 Statement at ¶ 10.

11. TIG objects to the characterization of this letter and refers the Court to TIG Rule 56 Statement at ¶¶ 12-13 and Exhibit "G" thereto.

12. TIG does not object to this statement, however TIG refers the Court to TIG Rule 56 Statement at ¶¶ 12-13 and Exhibit "G" thereto.

13. TIG does not object to this statement, however TIG refers the Court to TIG Rule 56 Statement at ¶¶ 12-13 and Exhibit "G" thereto.

14. TIG does not object to this statement.

15. TIG objects to this statement and more accurately states that Gerald Zwick received a copy of the Morrison letter from Weitz during the fall of 1996, not the summer, when

received a copy of the Morrison letter from Weitz during the fall of 1996, not the summer, when the September 6, 1996 letter setting forth TIG's coverage position was faxed to coverage counsel for Travelers, the firm of Cooney, Scully & Dowling, at that time. Fax sheet and letter, both dated September 6, 1996, annexed to TIG's Rule 56 Statement at ¶ 14 as Exhibit "H."

16. TIG objects to this statement and more accurately states that TIG offered to share the defense costs on behalf of Weitz on an "equitable basis" and refers the Court to TIG Rule 56 Statement at ¶ 12 and Exhibit "G".

17. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

18. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and characterization of the contents.

19. TIG objects to this statement on the grounds that TIG is entitled to take discovery from Travelers concerning its communications with TIG, and on the grounds of relevance.

20. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

21. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

22. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

23. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

24. TIG does not object to the referenced document on the grounds of authenticity,

however TIG objects on the grounds of relevance and refers the Court to the complete document.

25. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

26. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document

27. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

28. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

29. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

30. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

31. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

32. TIG objects to this statement on the grounds that TIG is entitled to take discovery from Travelers concerning its communications with TIG, and on the grounds of relevance.

33. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document

34. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

35. TIG does not object to this statement except on the grounds of relevance.

36. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

37. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

38. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

39. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

40. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance, and states that it is entitled to discovery on Travelers' handing of the Weitz claim.

41. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

42. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

43. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

44. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

45. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

46. TIG does not object to the referenced document on the grounds of authenticity,

however TIG objects on the grounds of relevance and the characterization of the document.

47. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

48. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

49. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

50. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

51. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

52. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

53. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

54. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

55. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

56. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

57. TIG does not object to the referenced document on the grounds of authenticity,

however TIG objects on the grounds of relevance and the characterization of the document.

58. TIG does not object to this statement except on the grounds of relevance.

59. TIG objects to the referenced document as hearsay and on the grounds of relevance.

60. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

61. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and characterization of the contents.

62. TIG objects to this statement to the extent that Travelers has failed to annex this purported letter to Travelers Rule 56 Statement at Tab 37 and further objects on the grounds of relevance.

63. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

64. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance, and states that it is entitled to discovery on Travelers' handing of Weitz claim.

65. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

66. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

67. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

68. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and refers the Court to the complete document.

69. TIG does not object to this statement, except objects on the grounds of relevance.

70. TIG does not object to the referenced document on the grounds of authenticity, however TIG objects on the grounds of relevance and the characterization of the document.

71. TIG does not object to the referenced document on the grounds of authenticity, however objects on the grounds of relevance, hearsay and that the referenced exhibit is incomplete.

72. TIG objects to the referenced documents on the grounds of authenticity, relevance, and hearsay.

73. TIG objects to the characterization of this statement and more accurately states that in a letter dated April 6, 2001 coverage counsel for TIG informed Weitz and Travelers that:

> "Weitz is not entitled to coverage as an additional insured under the TIG Policy issued to Janazzo primarily because TIG did not issue an additional insured endorsement to Weitz thereunder. Accordingly, TIG has no duty to defend Weitz in the Action, and must rescind its agreement to participate therein. As you know, Weitz has received a complete defense in the Action provided by Travelers, and suffers no prejudice by this position." See, TIG Rule 56 Statement at ¶ 15 and Exhibit "I" thereto.

74. TIG objects to this statement and states that it is entitled to take discovery on these issues.

75. TIG does not object to this statement in so far as it states that TIG has not paid any defense costs, but otherwise objects and states it is entitled to take discovery on these issues.

76. TIG does not object to this statement, except on the grounds of relevance.

77. TIG does not object to this statement, except on the grounds of relevance.

78. TIG does not object to this statement, except on the grounds of relevance.

79. TIG objects to this statement and states that it is entitled to take discovery on these issues.

80. TIG does not object to this statement, except on the grounds of relevance.

81. TIG objects to this statement including on the grounds of relevance and states that it is entitled to take discovery on these issues.

Dated: November 30, 2004

        Respectfully submitted,

        FOR THE DEFENDANT
        TIG INSURANCE COMPANY,

        By_____
        Louis G. Corsi (ct 26157)
        LANDMAN CORSI BALLAINE & FORD P.C.
        120 Broadway - 27th Floor
        New York, New York 10271-0079
        Tel (212) 238-4800
        Fax (212) 238-4848
        E-Mail: lcorsi@LCBF.com

## CERTIFICATION

I hereby certify that on November 30, 2004 a copy of the foregoing **TIG INSURANCE COMPANY'S STATEMENT PURSUANT TO LOCAL RULE 56(a)2 IN OPPOSITION TO PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT** was sent by overnight messenger, for delivery on December 1, 2004 to:

> Peter M. Nolin
> Sandak Friedman Hennessey & Greco, LLP
> 970 Summer Street
> Stamford, CT 06905
>
> Jeffrey Tinley
> Tinley Nastri Renehan & Dost, LLP
> 601 North Main Street, 2nd Floor
> Waterbury, Connecticut 06702

_____
Louis G. Corsi